**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>POLICE DEPARTMENT OF BALTIMORE )<br>CITY, *et al.*, )<br>Defendants. )<br>)<br>_____ ) | **Civil No. JKB-17-0099** |

## OPPOSITION TO MOTION FOR CONTINUANCE

Defendants, Mayor and City Council of Baltimore (the "City") and the Police Department of Baltimore City ("BPD") by and through their undersigned counsel, hereby file this memorandum in opposition to the motion by Plaintiff, the United States of America ("United States"), seeking a ninety-day extension of the Fairness Hearing scheduled for Thursday, April 6, 2017, and state as follows:

1.     Following the United States' filing of a complaint against the City and BPD (ECF No. 1), the Parties on January 12, 2017, jointly moved the Court to approve and enter a Consent Decree as an Order of this Court.  (ECF No. 2).

2.     In the Joint Motion, the Parties all sought entry of the Consent Decree, which had been negotiated for months by the Parties, to ensure that the agreed-upon comprehensive measures to reform BPD and build trust between the community and the BPD, were implemented fully and faithfully.  Further in their Joint Motion, the Parties expressed the belief that the Consent Decree was in the public's interest and then jointly agreed and stipulated to the Court's entry of all aspects of the Consent Decree.

3.      On January 18, 2017, in response to the joint motion, this Court issued an order scheduling an initial hearing for January 24, 2017, and requesting that the Parties address multiple issues regarding the Consent Decree.

4.      Two days later, on January 20, 2017, the United States filed a motion requesting a seven-day continuance until January 31, 2017 "in order to brief the new leadership of the Department on the case at bar and the proposed Consent Decree before making any representations to the Court."  (ECF No. 9).   The City and the BPD did not oppose their motion.  The Court granted the United States' motion and scheduled the initial public hearing for February 1, 2017.  (ECF. No. 10).

5.      At the commencement of the initial public hearing on February 1st, the Court posed the following question to the United States:

> THE COURT: I take it that by your presence here today, and the lack of any further request for postponement, that the Department is ready to proceed and ready to move ahead consistent with what the government has previously represented to the Court in its motion seeking entry of the consent decree. Counsel, am I correct in that regard?
>
> UNITED STATES:   Yes, Your Honor.   That is correct.

Attachment A (Transcript p. 7).

6.      The Court proceeded to hold the initial hearing, questioning the Parties concerning their Joint Motion and about the Consent Decree itself.

7.      In their Joint Motion the Parties had requested that the Court hold a public fairness hearing before acting on the proposed Decree, in order to receive written and/or oral submissions from "Baltimore's diverse communities."  (ECF No. 2-1 p. 10).   The Joint Motion explained that consistent with the Decree's purposes, the public had been active participants in the crafting of the police reforms through frequent public meetings and consultations. *Id.*

2

8.      On February 1st, following the initial session in open court, the Parties met with the Court in chambers to discuss the logistics for the receipt of written public comments, and for members of the public to also have the opportunity to provide oral comments concerning the Decree at a public fairness hearing.

9.      On February 15, 2017, the Court issued an order announcing that it had established a website containing the proposed Consent Decree and the Parties' Joint Motion, and soliciting "input from the public through participation in a public hearing." (ECF No. 17). The order established April 6, 2017 from 9:30am to 5:00pm as the time for members of the public to make oral statements of up to three minutes each, in the order that people signed up at the opening of the hearing that day. *Id.*

10.      In its February 15th order, the Court also invited written comments submitted by March 7, 2017, but a member of the public would not be required to submit written comments in order to have three minutes to speak at the fairness hearing.   *Id.*

11.      Numerous written comments were submitted by members of the public and have been posted on the Court's website. Available at: .http://www.mdd.uscourts.gov/baltimore-city-consent-decree.

12.      Yesterday, three days before the scheduled public fairness hearing, the United States filed a motion requesting a ninety-day postponement of the public fairness hearing in order to "review and assess the proposed Consent Decree and

confer with the City in light of this Administration's recent directives." (ECF No. 23, p. 5)

13.     The one attachment to the United States continuance motion is the March 31, 2017 Attorney General directive.   (ECF No. 23-1). That directive emphasizes, "Local control and local accountability are necessary for effective local policing." *Id.* And, "Collaboration between federal and local law enforcement is important. . . " *Id.*

14.     Consistent with these statements in the new AG directive, in October 2014 the City and BPD invited the Department to provide its technical assistance to the BPD through its Community Oriented Policing Services.   The Department began delivering those services in January 2015. *See* U.S. Dep't of Justice, Civil Rights Division, *Investigation of the Baltimore City Police Department* (Aug. 10, 2016)(the "*Findings Report*"), p.4, available at: https://www.justice.gov/opa/file/883366/download.

15.     When the City was engulfed in unrest following the death of Freddie Gray while in police custody in April 2015, and the ensuing spike in homicide rates in Baltimore, the City and BPD invited the Department's Civil Rights Division to conduct an investigation of the BPD.  The objective was to obtain an enforceable agreement for BPD reforms in order to rebuild public trust in their police force, and to build lasting order, stability, and true public safety.  *See id.*; *Proposed Consent Decree* (ECF No. 2-2 pp. 1-4).

16.     The Department conducted an investigation of the BPD and issued its Findings Report in August 2016.  From that time until the filing of the Parties'

Joint Motion for Entry of Consent Decree on January 12, 2017, the Parties engaged in extensive negotiations concerning the contents of the decree they would propose to this Court.   Paramount to the City and the BPD in these negotiations was ensuring, to quote the United States' continuance motion, "the best result is achieved for the people of the City."  (ECF. 23 p. 4).

17.   The City and BPD worked diligently over these months of negotiations with lawyers for the United States to ensure the decree would "advance the safety and protection of the public, promote officer safety and morale, protect and respect the civil rights of all members of the public, respect local control of law enforcement, . . .and do not impede recruitment and training of officers." (ECF. 23-1 pp. 1-2).

18.   Initiatives to fight high rates of violent crime are nothing new in Baltimore.  While our initiatives are primarily local, the City and BPD are always engaged in collaborative partnerships with federal law enforcement entities, including the Department of Justice, and the Drug Enforcement Administration, through joint task forces and other means.  The recent federal indictment of seven BPD officers is only the most recent high profile outcome of such collaborations.

### Postponement of the April 6 Public Fairness Hearing Would Undermine Public Confidence

19.   Since the Court's order of February 15, 2017 announcing a public fairness hearing on April 6th, interested members of the public have necessarily had to rearrange their schedules in order to attend and provide oral comments or observe at the hearing.   Undoubtedly, this would for many have required requesting a day

off from work, rearrangement of childcare, elder care, transportation or other responsibilities.

20.     The Parties have been united from the outset of the Department's technical assistance, investigation and consent decree negotiation process, that transparency, public accountability and public participation in the reform process are key aspects of a successful strategy to rebuild trust between the BPD and the people they protect and serve.

21.     A postponement of the public fairness hearing at this late date, would inconvenience many, and would only serve to undermine, not build, public trust in the reform process.

## The Objectives of the United States Can Be Met Without Continuing the Public Comments of the Fairness Hearing

22.     As an initial matter, when the new United States administration first took office, they requested only a seven-day postponement of the initial public hearing scheduled for January 24, 2017, in order to brief the new leadership concerning the entire 227-page proposed Consent Decree.

23.     Then it strains credulity to believe that the release on March 31, 2017 of a two-page AG directive which reiterates long standing principles of federal-local law enforcement collaboration necessitates a ninety-day continuance.

24.     Accordingly, while the Court might consider granting a brief time period for the new United States administration to further review the proposed Consent Decree prior to its entry, the public fairness hearing does not need to be postponed for this purpose.

25.     Rather, the objectives of the new United States administration in having some additional time for review, and that of the municipal defendants and the public for public comment, can both be accomplished.

26.     The United States can still appear on April 6th to explain its request for additional time.  However, inconvenience to the public and erosion of public trust in the process can be avoided by proceeding with the public fairness hearing, while granting the United States an additional week (or whatever time the Court deems appropriate) for new leadership to further review the Decree before the Court acts upon it.

27.     As all the parties affirmed in their Joint Motion, and as the City and BPD reconfirm today, the proposed Consent Decree,

> Is in the interest of the Parties and the public as it establishes the basis for undertaking reform efforts within BPD for the express purpose of better promoting effective community engagement and oversight, effective policy guidance, improved training, closer supervision, and improved technology and resources.  The Consent Decree will promote better support for officers, as well as accountability systems that will make investigations of alleged misconduct and discipline more fair, constructive, and transparent.  Perhaps most importantly, the Consent Decree seeks to substantively improve the relationships among BPD and the diverse communities it serves.

(ECF No. 2-1 p.9).

(intentionally blank)

## Conclusion

For the foregoing reasons, the City and the BPD respectfully request that the Court deny the United States Motion for Continuance and proceed with the public fairness hearing on April 6, 2017.

Respectfully submitted this 4th day of April, 2017,

/s/_David E. Ralph_____
David E. Ralph (23500)
Suzanne Sangree (26130)
BALTIMORE CITY DEPARTMENT OF LAW
100 Holliday Street
Baltimore, Maryland 21202
Telephone: 410-396-3659
Facsimile:  410-547-1025
david.ralph@baltimorecity.gov
suzanne.sangree2@baltimorecity.gov

Attorneys for Mayor and City Council of Baltimore and the Police Department of Baltimore City

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April 2017, a copy of this Opposition to Motion for Continuance was served via the U.S. District Court's ECF system on the counsel of record.

/s/David E. Ralph_____
David E. Ralph