## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| and | ) |
| | ) |
| COMMUNITY CHURCHES FOR COMMUNITY | ) |
| DEVELOPMENT, INC. and RALPH E. MOORE, JR. | ) |
| | ) |
| *Proposed Plaintiff-Intervenors,* | ) Civil Action No. JKB-17-99 |
| v. | ) |
| | ) |
| POLICE DEPARTMENT OF BALTIMORE | ) |
| CITY | ) |
| | ) |
| and | ) |
| | ) |
| MAYOR AND CITY COUNCIL OF BALTIMORE | ) |
| | ) |
| *Defendants.* | ) |

## PROPOSED INTERVENORS' COMMUNITY CHURCHES FOR COMMUNITY
## DEVELOPMENT, INC. AND RALPH E. MOORE, JR.'S
## AMENDED MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24(a), Community

Churches for Community Development, Inc., and Ralph E. Moore Jr., by and through

their undersigned counsel, respectfully request that this Court grant their Motion to

Intervene as of right as Plaintiff-Intervenors. In the alternative, Proposed Plaintiff-

Intervenors request that this Court grant permissive intervention under Fed. R. Civ. P.

24(b).

Community Churches for Community Development ("CCCD"), is a Maryland-based non-profit corporation. The objective of the organization is to enhance the quality of life for Baltimore City residents in keeping with the principles of the beloved community espoused by Dr. Martin Luther King, Jr.  Five of the six member churches are located in predominately African-American neighborhoods in West Baltimore, and members of each of the churches, as well as members of the communities where the member churches are situated, have had experiences with unconstitutional policing in Baltimore City.

The CCCD, its membership, and the communities they serve have a strong interest in ending unlawful and discriminatory police practices that have harmed them in the past, and will continue to do so if not addressed.  For that reason, the CCCD has an interest in ensuring that the Proposed Consent Decree between the United States and Defendants is fully enforced.

Plaintiff-Intervenor Ralph E. Moore, Jr. is a 64-year old, African-American, life-long resident of Baltimore City, and is a community leader and social worker in Baltimore.  Both he and the communities he serves have experienced unlawful and discriminatory police practices in Baltimore City. Both Mr. Moore and those he serves are also likely to be harmed again by these unlawful practices of the Proposed Consent Decree is not fully enforced.

The grounds for this Motion to Intervene, more fully described in the accompanying Memorandum of Law in Support of the Motion, are set forth below.

## I.  Proposed Plaintiff-Intervenor Should be Permitted to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a).

Under Rule 24(a), intervention as of right depends on four factors: (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction that is the subject of the action;" (3) whether the applicant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest;" and (4) whether "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). *See In re Sierra Club,* 945 F.2d 776, 779-81 (4th Cir. 1991) (granting intervention where these factors have been satisfied); *accord Houston Gen. Ins. Co. v. Moore,* 193 F.3d 838, 839 (4th Cir. 1999); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981).

### A.  Proposed Plaintiff-Intervenors' Motion is Timely.

Plaintiff United States filed a complaint against Defendants alleging violations under Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d ("Title VI"), the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d ("Safe Streets Act"), and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131–12134 ("Title II") on January 12, 2017. Simultaneously, the United States and Defendants filed a 227-page Proposed Consent Decree to resolve the complaint.[1]

---

[1] *See, U.S. v. Police Department of Baltimore, et al.*, Consent Decree, No. 1:17-cv-00099-JKB, (D. Md. Jan. 12, 2017), ECF No. 2-2, https://www.justice.gov/crt/page/file/925046/download.

As Plaintiff-Intervenors do not seek any additional discovery, intervention at this stage of the litigation will not unduly delay or prejudice the adjudication of any rights of the original parties.

## B. Proposed Plaintiff-Intervenors Have a Substantial Interest in the Underlying Litigation.

Proposed Plaintiff-Intervenors have substantial interest in this action.  Both Proposed Plaintiff-Intervenors seek intervention with a "public interest" purpose of ensuring that the communities where the live and work receive the constitutional policing that they deserve.  The individuals served by CCCD's member churches, and Mr. Moore individually, have for far too long been harmed by a police department that has failed to abide by its constitutional obligations, resulting in unwarranted stops and arrests, excessive force, and/or disparate treatment because they are African Americans.  By intervening in this action, in the face of the United States' recent alarming and recalcitrant behavior, Proposed Plaintiff-Intervenors endeavor to reform the Baltimore Police Department ("BPD") so that they may live in a safe and secure community without fear of police abuse.

## C. Proposed Plaintiff-Intervenors' Interests Will Be Affected by the Disposition of the Litigation.

Proposed Plaintiff-Intervenor CCCD, as an organization, has long advocated for better police-community relationships and has worked directly with BPD towards that goal.  The successful negotiation and anticipated approval of the Proposed Consent Decree—and resulting police reforms—would not only directly benefit CCCD's member churches and their individual church members by promoting constitutional encounters with police, but it would also allow CCCD to direct its scarce resources toward other

organizational priorities, such as developing job opportunities and addressing other socioeconomic needs of the individuals served by the member churches.

Proposed Plaintiff-Intervenor Ralph Moore, Jr., as an African-American Baltimore resident who has personally experienced police abuse, would likewise directly benefit from the successful implementation of the Proposed Consent Decree by no longer living in fear of possible harm from encounters with BPD officers, and also by alleviating the collateral consequences experienced by the communities with whom he works as a longtime social worker.

### D. Proposed Plaintiff-Intervenors' Substantial Interests May Not be Adequately Represented by Plaintiff.

Proposed Plaintiff-Intervenors' interests may not be "adequately represented by the existing parties." Fed. R. Civ. P. 24(a)(2). *See also* 7C Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1909 (3d ed. 1998) (an applicant ordinarily should be permitted to intervene as of right "unless it is *clear* that the party will provide adequate representation for the absentee" (emphasis added)).  Plaintiffs cannot fully represent the interests of Proposed Plaintiff-Intervenors because the new and different institutional priorities and constraints that have emerged in the wake of a change in federal government administration—and after the filing of the instant Proposed Consent Decree—demonstrate that the United States's litigation strategy and/or litigation position will advance an interest that is significantly different from, and adverse to, that of Proposed Plaintiff-Intervenors.  Given Defendants' longstanding history of unlawful and unconstitutional policing practices, U.S. Dep't of Justice Civil Rights Division, *Investigation of the Baltimore City Police Department*, Aug. 10, 2016, https://www.justice.gov/opa/file/883366/download, Proposed Plaintiff-Intervenors firmly

believe that the only way to ensure that they will no longer be exposed to further unlawful conduct by Defendants is through federal intervention, oversight, and monitoring.  And, while the January 12, 2017 Proposed Consent Decree entered into by the United States and Defendants addressed many of Proposed Plaintiff-Intervenors' concerns, the United States has recently announced a change in goal, direction, and priority that is inconsistent with, and adverse to, the continued federal oversight that Proposed Plaintiff-Intervenors believe is urgently required.

## II. In the Alternative, Permissive Intervention is Appropriate in this Case.

Under Federal Rule 24(b), a judge may grant nonstatutory permissive intervention when a party: (1) "has a claim or defense that shares with the main action a common question of law or fact" and (2) seeks to intervene "on timely motion."  Fed. R. Civ. P. 24(b)(1).  The decision-maker must also consider whether intervention would (3) "unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3).

Proposed Plaintiff-Intervenors' claims have questions of fact and law in common with those already before this Court.  Organizationally, CCCD has had longstanding concerns about the systemic problems within the BPD that have directly led to persistent constitutional violations inflicted on its members.  In addition, CCCD represents the interests of the individuals attending its member churches, who have suffered constitutional violations at the hands of the BPD and personally have a direct and cognizable interest in the outcome of the instant litigation.  Likewise, Mr. Moore's past and likely future abuse at the hands of BPD officers—as well as the impact of such abuses on the communities in which he works as a social worker and the attendant effect on his professional responsibilities—establish his interest in the disposition of this case. As active members in the communities most impacted by BPD's unconstitutional

conduct, Proposed Plaintiff-Intervenors have substantial knowledge and expertise about the policing issues raised in this litigation, and their intervention in this matter will aid the Court's understanding of the underlying legal and factual issues and thereby assist in the proper resolution of this action. *See United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) (remanding denial of permissive intervention to "Community Intervenors" in a Section 14141 pattern-and-practice lawsuit brought by DOJ against Los Angeles Police Department).

Additionally, for all the reasons stated above regarding the timeliness of this Motion in support of intervention as of right, this Motion is likewise timely for permissive intervention.

Finally, intervention in this case will not delay the litigation nor would any party be prejudiced by Proposed Plaintiff-Intervenors' intervention. Proposed Plaintiff-Intervenors seek intervention for the very limited purpose of supporting the approval of the Consent Decree and seeking its enforcement against the BPD.   Indeed, rather than delaying this matter any further (as recently requested by the United States in its motion for continuance), Proposed Plaintiff-Intervenors seek the immediate approval of the Consent Decree so that systemic reform of the BPD can commence immediately.

For the foregoing reasons, and those discussed in the accompanying Memorandum of Law, intervention is appropriate as of right, pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively, pursuant to Fed. R. Civ. P. 24(b)(1).

WHEREFORE, Proposed Plaintiff-Intervenors respectfully request that this Court grant their Motion to Intervene.

Dated: April 6, 2017                          Respectfully submitted,

/s/   Monique Dixon
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
Monique Dixon
(D. Md. Bar No. 25126)
Todd Cox*
(D.C. Bar No. 445316)
1444 I Street NW, 10th Floor
Washington, DC  20005
Tel:  202-682-1300
Fax:  202-682-1312
mdixon@naacpldf.org

Sherrilyn Ifill*
  *Director-Counsel*
(Md. Client Pro. No. 19970410001)
Janai Nelson*
(3rd Cir. Bar No. 11683384)
Christina Swarns*
(4th Cir. Bar No. 1168385)
Jin Hee Lee*
(4th Cir. Bar No. 1168881)
Rachel Kleinman*
(1st Cir. Bar No. 1178320)
40 Rector Street, 5th Floor
New York, NY  10006
Tel:  212-965-2200
Fax:  212-226-7592
sifill@naacpldf.org

*Pro Hac Vice Admission Pending

*Counsel for Proposed
Plaintiff-Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2017, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record who are registered participants of the Courts CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to counsel of record who are not CM/ECF participants as indicated in the notice of electronic filing.


   /s/ Monique Dixon

Monique Dixon
(D. Md. Bar No. 25126)
NAACP LEGAL DEFENSE &
         EDUCATIONAL FUND, INC.
1444 I Street NW, 10th Floor
Washington, DC  20005
Tel:  202-682-1300
Fax:  202-682-1312
mdixon@naacpldf.org

*Counsel for Proposed*
*Plaintiff-Intervenors*