IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-99 |
| BALTIMORE POLICE DEP'T *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This memorandum and order follows the Court's entry today of a consent decree in this case. (ECF No. 39.) Pending before the Court is a motion filed yesterday—after the Public Fairness Hearing, also held yesterday—by Community Churches for Community Development, Inc. ("CCCD"), and Ralph Eugene Moore, Jr., who seek to intervene as Plaintiffs in the instant suit. (ECF No. 31.) No response will be required from the other parties in the case. No hearing is required. Local Rule 105.6 (D. Md. 2017). The motion will be denied.

As stated in the motion, CCCD is a nonprofit Maryland corporation with the objective of enhancing "quality of life for Baltimore City residents in keeping with the principles of the beloved community espoused by Dr. Martin Luther King, Jr." (Mot. Intervene 2.) Moore "is a 64-year old, African-American, lifelong resident of Baltimore City, and is a community leader and social worker in Baltimore." (*Id.*) Movants further state that they and members of the communities they serve have experienced unconstitutional policing and unlawful and discriminatory police practices in Baltimore City. (*Id.*)

Movants assert a right to intervene under Federal Rule of Civil Procedure 24(a) as Plaintiffs in the case. (*Id.* 1.) Alternatively, they request permissive intervention under Rule 24(b). (*Id.*) Attached to their motion is Movants' proposed complaint in intervention, in which they seek "redress for violations of Plaintiff-Intervenors' rights under the United States Constitution and federal civil rights laws." (Prop. Interv. Compl. ¶ 1, ECF No. 31-2.) Specific claims for relief are premised upon the First, Fourth, and Fourteenth Amendments (*id.* ¶¶ 65-67); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (*id.* ¶¶ 68-72); and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (*id.* ¶¶ 73-77). Movants' proposed complaint seeks declaratory and injunctive relief, including a request that the Court

> [o]rder Defendants, their officers, agents, and employees to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described [in the proposed complaint], and to prevent Defendants, their officers, agents, and employees from depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(*Id.* ¶ 78e.) Near the end of their motion, Movants clarify that they "seek intervention for the very limited purpose of supporting the approval of the Consent Decree and seeking its enforcement against the BPD." (Mot. 7.)

As noted above, the consent decree has been entered. Accordingly, any interest in intervening to achieve the first purpose articulated by Movants no longer exists. That issue is moot.

As for Movants' second claimed purpose, "seeking [the decree's] enforcement against the BPD," their concern is not ripe. The consent decree has been entered, and implicit within the agreement underlying it is the Government's promise to enforce it. Notwithstanding now-resolved requests for delay, there is no evidence before the Court that the Government would decline to comply with the decree once entered. Even when the Government expressly opposes

the entry of Court orders (something that never happened in this case) the Government invariably complies with such orders once entered. Such is the case in a nation of laws. Nothing in this record remotely suggests that the Government will not diligently enforce the decree now that it has been entered.

    For these reasons, the Court finds no basis for Movants' intervention either as of right or by leave of Court. The motion, therefore, IS DENIED—with prejudice as to their request to intervene to support entry of the decree, and without prejudice as to their request to intervene to seek enforcement.

DATED this 7th day of April, 2017.

                                                                      BY THE COURT:

                                                                      _____/s/_____

                                                                      James K. Bredar
                                                                      United States District Judge