# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| BALTIMORE POLICE DEPARTMENT, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

The Monitoring Team, consistent with its responsibility to keep the Court apprised of the sum and substance of the parties' progress towards implementation of the requirements of the Consent Decree, advised the Court of an issue that has arisen as the parties work towards compliance with paragraphs 333(a) and 339 of the Decree. (ECF No. 2-2, ¶¶ 333(a), 339, as modified by ECF No. 39 and ECF No. 89.) Those paragraphs concern the development of protocols for Baltimore Police Department's Office of Professional Responsibility (OPR) and the Civilian Review Board (CRB) to enable them to discharge their respective duties with respect to claims of officer misconduct. (*Id.*) The Monitoring Team informed the Court that the parties have a disagreement about whether or not BPD is required, under Maryland law, to share with the CRB not only materials related to current complaints against an officer that fall within CRB's jurisdiction but also materials related to that officer's entire disciplinary history, if any.

To date, the parties have done an excellent job of resolving many issues affecting progress towards compliance with the terms of the Decree through informal discussion and negotiation, and the Court commends them for doing so. Given the myriad, complex issues arising under the Decree, that remains the preferred method of resolving points of disagreement.

In order for the Consent Decree to be successfully implemented in a timely manner, it is imperative that the parties continue to meet informally and to resolve issues and make compromises through dialogue and negotiation. Nonetheless, the Court has been informed that this particular issue has not been susceptible to similar resolution through informal discussions, and that the parties therefore seek to depart from the preferred method of resolution.

Accordingly, having been presented with an issue that remains unresolved and appears to be unresolvable through such informal negotiations, the Court will hear the parties on this subject, pursuant to the following deadlines:

- The Department of Justice will submit a motion, by letter of no more than 5 pages in length, within fourteen (14) days of the date of this Order.

- The City will have ten (10) days to submit its response, also by letter of no more than 5 pages in length.

- The Department of Justice will have seven (7) days thereafter to submit a reply, by letter of no more than three (3) pages in length.

The Court will consider whether a hearing on the matter is warranted after receiving the parties' submissions.

DATED this 16th day of November, 2018.

BY THE COURT:

James K. Bredar
Chief Judge

2