**Policy 1122**



| Subject |
|---|
| **EXTREME RISK PROTECTIVE ORDERS – FIREARMS** |

| Date Published | Page |
|---|---|
| **DRAFT** 20 January 2022 | **1 of 15** |

### *By Order of the Police Commissioner*

## POLICY

It is the policy of the Baltimore Police Department (BPD) to act in accordance with Maryland law governing Extreme Risk Protective Orders (ERPOs): MD Pub Safety Code § 5-604 (2018). An ERPO prohibits a person from Possessing a firearm and ammunition where there are Reasonable Grounds to believe that the person poses an **immediate and present danger** of causing personal injury to themselves or others by Possessing a firearm. **In the petitioning for and service of an ERPO, safety of any endangered person must be of paramount concern.**

An ERPO is not a stay-away order or an emergency petition (though it could include a referral for an emergency evaluation); rather it is an order requiring the surrender of firearms and ammunition only. Additionally, an ERPO is broader than a domestic violence protective order; an ERPO can be petitioned by anyone listed under the definition of "Petitioner" below, and is not limited to domestic violence situations. See Appendix A for reference. Where additional situations apply, such as emergency evaluation, domestic violence, or the utilization of warrantless searches and/or arrests, refer to the relevant BPD policies.

A petition for or the issuance of an ERPO does not affect the ability of law enforcement to remove or seize Firearms and/or ammunition from any person or property as permitted by any other law.

**If the member has probable cause to believe that the Respondent is in Possession of firearms and/or ammunition and the Respondent refuses to surrender the firearms and/or ammunition, thus violating an Interim, Temporary, or Final ERPO, the member must arrest the Respondent for violating the ERPO.**

## DEFINITIONS

**Extreme Risk Protective Order (ERPO)** — A civil Interim, Temporary, or Final Protective Order prohibiting the Respondent from Possessing and purchasing a firearm and ammunition and ordering the Respondent to surrender to law enforcement any firearm and ammunition in the Respondent's Possession for the duration of the Order. The violation of an EPRO is a criminal offense.

- **Interim ERPO** — Issued by a District Court Commissioner when the District Court is closed. Interim ERPO remains in effect until either the Temporary ERPO hearing *or* the end of the second business day after the District Court is open.

- **Temporary ERPO** — Issued by a District Court judge until a final ERPO hearing can be held. It generally lasts for seven days after service, unless court is closed on that date, in which case it lasts until the second day court is open. A Temporary ERPO may be extended by court order, but

| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 2 of 15** |
|---|---|---|

not beyond six months. The Temporary ERPO notifies the Respondent of the date and time of the Final ERPO hearing.

- **Final ERPO** — Issued by a District Court judge after a hearing, and is valid for the period stated in the order, not to exceed one year. It may be renewed for an additional 6 months.

**Petitioner** — An individual who files a petition for an ERPO. A Petitioner may include

- Law enforcement officer;

- Physician, psychologist, clinical social worker, licensed clinical professional counselor, clinical nurse specialist in psychiatric and mental health nursing, psychiatric nurse practitioner, licensed clinical marriage or family therapist, or designee of a health officer who has examined the individual;

- Spouse of the Respondent;

- Cohabitant of the Respondent;

- Person related to the Respondent by blood, marriage, or adoption;

- Individual who has a child in common with the Respondent;

- Current dating or intimate partner of the Respondent; or

- Current or former legal guardian of the Respondent.

**Possession (of a Firearm and/or Ammunition)** — The Respondent has firearms and/or ammunition within their control. This includes:

- Firearms or ammunition Respondent has access to;

- Firearms or ammunition within Respondent's easy reach;

- Firearms and ammunition in other locations inside and/or outside Respondent's residence; and

- Where the Respondent may not be the owner of the property, but circumstances show that the Respondent has reasonable control or possessory interest over the firearms and/or ammunition.

**Reasonable Grounds** — Where there is a preponderance of the evidence to support the belief that the Respondent poses an **immediate and present danger** of causing personal injury to the Respondent, the Petitioner, or another individual by Possessing a firearm.

**Respondent** — A person against whom a petition for an ERPO is filed.

| Policy 1122 | **DRAFT** EXTREME RISK PROTECTIVE ORDERS - FIREARMS | Page 3 of 15 |
|---|---|---|

## REQUIRED ACTION

### Member – General

1. Any time a member has Reasonable Grounds to believe an individual poses an **immediate and present danger** of causing personal injury to themselves or to other persons by Possessing a firearm, the member shall investigate to determine whether an ERPO is appropriate. Factors to consider (and to state in a petition, when a BPD member is the Petitioner) include:

    1.1. Specific facts that indicate a Respondent poses an immediate and present danger of causing injury to themselves or others by Possessing a firearm.

    1.2. Knowledge of supporting facts, including a description of behavior and/or statements made by the individual.

    1.3. Description of number, types, and location of any known firearms.

    1.4. Any supporting documentation regarding unlawful, reckless, or negligence of firearm; threat of violence made involving a firearm; violation of a protective or peace order; abuse of CDS or alcohol.

    1.5. Health records or information, if disclosure is otherwise not prohibited.

### Member – Assisting a Non-BPD Petitioner in Obtaining an ERPO

2. If someone is present who qualifies as an ERPO Petitioner and is willing and able to petition for an ERPO, the member shall:

    2.1. Explain what an ERPO is and the process to apply for one. Provide the Petitioner with the District Court ERPO pamphlet. (See Appendix B)

    2.2. Advise the Petitioner to that if they wish to file a petition, they must respond in person to the District Court or the Court Commissioner's Office (if District Court is closed) to obtain an ERPO. Provide transportation to the Petitioner, if needed or requested (See Policy 503, *Transportation of Passengers*).

NOTE:  When a Petitioner also appears to qualify for a peace or protective Order, refer to the procedures in Policy 1110, *Protective and Peace Orders*.

### Member – Filing an ERPO Petition

3. If there is no qualified Petitioner available, willing or capable of filing the petition, the member shall file the ERPO petition as follows:

    3.1. Complete the PETITION FOR EXTREME RISK PROTECTIVE ORDER, providing all information available to the member (see #1.1.-#1.5. above and Appendix C).

    3.2. Obtain supervisory approval to submit the ERPO petition to the District Court (or Court

| | | |
|---|---|---|
| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 4 of 15** |

Commissioner's Office, if court is closed) immediately. A supervisor shall review the ERPO petition to ensure completeness and appropriateness.

3.3.   Report directly to the District Court (or Court Commissioner's Office), and file the ERPO petition. Attend the hearing and explain to the judge the reason for the ERPO petition. Failure to attend the hearing at the date and time when the member is advised by the court may result in disciplinary action.

<u>NOTE</u>:   If a member will be unavailable to attend the hearing due to an authorized reason such as leave, a supervisor should assign another member to obtain the ERPO.

**Member – Service of an ERPO (Patrol & SWAT)**

4.   When a patrol member responds to the Court Commissioner's Office or a District Court to retrieve an ERPO in order to serve it, the patrol member shall return to their BPD District with the order and shall not make any service attempts.

5.   The member shall advise the Shift Commander immediately that they have an ERPO, and for it to be forwarded to SWAT. SWAT will execute the ERPO consistent with their responsibilities:

5.1.   Upon receiving an issued ERPO, the SWAT member shall immediately log the order into the ERPO logbook and review the ERPO packet

5.2.   SWAT shall determine any required safety planning measures or strategies for service.

5.3.   For orders received during off-hours, upon receipt of the ERPO by the on-call SWAT Supervisor, SWAT will determine which SWAT members shall immediately report to serve the order.

5.4.   Contact patrol for a member of the applicable district to accompany SWAT to serve the order.

5.5.   The SWAT member shall contact the Maryland State Police Gun Center at 855-677-6486 to determine the number of regulated firearms registered to the Respondent. SWAT shall also review other relevant databases for information about the Respondent's background and access to firearms.

5.6.   Where an ERPO involves a Respondent that is known or suspected to experience behavioral health disabilities, the member shall attempt to contact and consult with the Crisis Response Team (CRT) for background information that CRT may have about the individual and/or to strategize service based on CRT's expertise with behavioral health crises. Members can contact CRT via the Citywide channel, or call Communications to request assistance from CRT or the CIT Coordinator.

5.6.1.   If the CRT is unavailable, SWAT shall make every attempt to have a CIT Officer respond for instances where the Respondent is known or suspected to experience behavioral health disabilities.

| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 5 of 15** |
|---|---|---|

    5.6.2.  If the ERPO includes a referral for an emergency evaluation determination or is accompanied by an emergency evaluation requiring service on the same Respondent, follow the procedures in Policy 713, *Petitions for Emergency Evaluation & Voluntary Admission.*

    5.7.  SWAT shall be responsible for the safe service of the ERPO, which may include securing the location where consistent with law and policy, at which point responsibility shall be turned over to the primary sworn member.

6.    Where a patrol member is accompanying a SWAT member for ERPO service, the patrol member should be guided by SWAT for service procedures.

7.    Upon making contact with the Respondent, the member shall:

    7.1.  Explain and provide a copy of the ERPO to Respondent.

    7.2.  Inform Respondent that the Court has ordered the immediate surrender of all firearms and ammunition in their Possession.

    7.3.  Make a good faith and lawful effort to secure firearms and ammunition in the Respondent's Possession.

    7.4.  Remove any firearms and/or ammunition in Possession and/or control of Respondent that the member has legal access to, or obtain a search warrant to recover same.

    7.5.  Note the date, time, and place of service on the Return Service form.

    7.6.  Upon surrender or seizure of firearms and/or ammunition in the Respondent's Possession, the member shall complete Property Receipt, Form 56 **and provide a copy of the receipt to the Respondent**. Per law, the receipt must include the make, model, and serial number of all firearm(s) and/or ammunition received.

    7.7.  Per MD law, the member shall inform the Respondent about how to retrieve firearms/ammunition upon the expiration or termination of the ERPO.

    7.8.  If the respondent does not surrender or refuses to surrender firearms and/or ammunition, inform Respondent that failure to comply with the court order is a crime for which Maryland law requires warrantless arrest.

    7.9.  If the respondent continues to refuse, the member must arrest the respondent (see Policy 1106, *Warrantless Arrest Procedures and Probable Cause Standard*).

<u>NOTE</u>:  Violation of the ERPO is a crime where warrantless arrest is required by law. For the legal authority to conduct a warrantless search of a location for contraband and/or evidence, see Policy 1109, *Warrantless Searches.*

<u>NOTE</u>:  Other situations, such as removal of firearms from the scene of domestic violence, are covered in the relevant law and policies.

| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 6 of 15** |
|---|---|---|

NOTE: For Final ERPOs, the law requires that if the Respondent is not present at the hearing to receive service, the ERPO is mailed to the Respondent and service is complete upon mailing. Therefore, if the ERPO received is a Final ERPO, the Respondent has already been served and BPD's main function is to remove the firearms and/or ammunition as mandated by the order.

8. If service is successful, the member shall:

    8.1. **Immediately notify the Hot Desk in order to fulfill the legal mandate of entering service into the State notification system within two hours of service.**

    8.2. Complete the Return of Service and forward it to the Chief of Patrol's Office immediately.

    8.3. Complete an Incident Report, entitled "Service of ERPO."

    8.4. Complete the Form 56, Property Receipt and submit items to the Evidence Management Intake Counter for storage. On Form 56, the member must write:

        8.4.1. "ERPO"

        8.4.2. Date of expiration of the ERPO

        8.4.3. "Return to Claimant upon expiration", so that EMU will be authorized conduct its background investigation upon expiration of the ERPO.

9. If service is unsuccessful, the member shall document the attempted service on Return of Service. Each ERPO should have at least three service attempts prior to its expiration.

10. Upon the expiration of any unserved ERPO, return the ERPO to the Chief of Patrol's Office for return to the Warrant Unit.

Co-Occurring Issues

*Domestic Violence*

11. Since an ERPO only grants the ability to take away firearms and ammunition from a person and is not a stay-away order, where the person poses a threat to others, the member shall also explain protective or peace order procedures to the person at risk (see Policy 1110, *Protective and Peace Orders*).

*Behavioral Health Crises*

12. Under the provisions of the ERPO law, the court can also refer the individual for an emergency evaluation based on the ERPO Petition.

    12.1. If a commissioner finds probable cause for an emergency evaluation based on the ERPO petition, they are required to refer the respondent to law enforcement for a determination.

    12.2. If a judge finds probable cause for an emergency evaluation based on the ERPO petition,

they are required to refer the respondent for an emergency evaluation under a Temporary ERPO and authorized to refer the Respondent for an emergency evaluation under a Final ERPO.

13.     SWAT shall review any ERPO received for service to determine whether it includes a referral for an emergency evaluation determination or whether it is accompanied by an emergency evaluation requiring service on the same Respondent. When it contains either, follow the procedures in Policy 713, *Petitions for Emergency Evaluation & Voluntary Admission.*

13.1.   If the member determines that the Respondent should be evaluated for an emergency petition, that evaluation must be done separately using the procedures laid out in Policy 713, *Petitions for Emergency Evaluation & Voluntary Admission*.

**Member – ERPO Enforcement**

14.     Where a member becomes aware of a violation of an already-existing ERPO, the member shall:

14.1.   When presented with the ERPO, verify the validity and expiration date.

14.2.   If not certain of the validity of an ERPO or whether one exists, query METERS/NCIC to make that determination and/or contact the Hot Desk for confirmation.

15.     A member shall arrest any Respondent who the member has probable cause to believe is in violation of an Interim, Temporary, or Final ERPO in effect at the time of the violation.

**Member - Taking Possession of Firearms**

16.     After a member takes possession of any firearms and/or ammunition through an ERPO, the member shall:

16.1.   Provide receipt and information to Respondent as directed above,

16.2.   Transport all firearms and ammunition received to Evidence Management Unit (EMU). While doing so, a protective case should be used, if available.

16.3.   The member **shall not** place any marks on the firearm.

16.4.   Submit firearms/ammunition to EMU along with Form 56. On Form 56, the member shall write "ERPO" and the date of expiration that was listed on the ERPO. Furthermore, the member shall also include "Return to Claimant upon expiration" on Form 56, so that EMU will be authorized conduct its background investigation upon expiration of the ERPO.

**Member – Reporting Requirements**

17.     For all incidents where a member petitions for an ERPO and for all incidents where a member assists a member of the public with filing for an ERPO, complete an Incident Report entitled "Petition for ERPO."

17.1. In the report, make note of the ERPO's expiration date, as that date must be included on Form 56 when submitting any surrendered or seized firearms/ammunition to EMU.

18. Make note of all service attempts and/or successful service on the Return of Service Form.

19. If the service of an ERPO was successful,

19.1. If service is successful, the member shall **immediately notify the Hot Desk in order to fulfill the legal mandate of entering service into the State notification system within two hours of service.**

19.2. Complete the Return of Service and forward it to the Chief of Patrol's Office immediately.

19.3. Complete an Incident Report, entitled "Service of ERPO".

20. If the service of an ERPO was unsuccessful, document all attempts on the Return of Service.

20.1. When the Respondent cannot be located, explain:

20.1.1. The reason the ERPO was not served; and

20.2.2. What efforts were made to locate the Respondent.

21. Submit all original Form 56s to EMU.

## SUPERVISORS AND SHIFT COMMANDERS - REQUIRED ACTION

**Immediate Supervisor – Filing an ERPO**

22. Review all ERPO petitions and emergency evaluation referrals for subordinate members to ensure completeness and appropriateness.

**Patrol Shift Commander – Service of ERPOs**

23. Upon receiving notice of an ERPO requiring service, contact the SWAT Lieutenant/SIC working.

24. If there are no SWAT units working, contact Communications to consult with the on-duty SWAT supervisor.

**District Administrative Supervisor**

25. Ensure that all Returns of Service and copies of ERPOs, whether served or expired, are forwarded to the Warrant Unit of the Central Records Section as soon as possible. Paperwork can be emailed to the Warrant Unit at WarrantUnit@baltimorepolice.org.

26. Send all Incident Reports immediately to the Central Records Section.

## OTHER UNITS-REQUIRED ACTION

### Hot Desk, Central Records Section

27.     When receiving a call from a member that an ERPO has been served, immediately enter the service information into METERS/NCIC and MD Vine.

28.     When receiving a call from a member to confirm the existence and/or validity of an ERPO, inform the member of the ERPO status.

### Warrant Unit

29.     Upon receiving a copy of an ERPO, enter the data into METERS/NCIC and Lotus Notes.

30.     Add updates and modifications to ERPOs in METERS/NCIC when necessary. Additionally, remove ERPOs from METERS/NCIC when no longer valid.

## Evidence Management Unit

### Storage of Seized or Surrendered ERPO Firearms and Ammunition

31.     Upon receipt of firearms or ammunition seized through an ERPO, enter the items and the ERPO expiration date in evidence management system (EMS). Set a reminder in the EMS for five (5) business days prior to the ERPO's expiration date.

32.     During storage, care must be taken to prevent any damage to the firearm, and no marks shall be placed on the firearm for identification or any other purpose.

### Return of Seized or Surrendered Firearms and Ammunition

33.     Upon expiration of an ERPO, EMU shall conduct a background check on the Respondent to ensure that they are not prohibited from lawfully possessing firearms and/or ammunition after the expiration of the ERPO.

34.     When the Respondent is not prohibited from Possessing a firearm, on request of the Respondent, BPD shall return all firearms and ammunition belonging to the Respondent no later than:

34.1.   14 days after the expiration of an Interim or Temporary ERPO;

34.2.   14 days after a court terminates a Final ERPO;

34.3.   48 hours after the expiration of a Final ERPO.

35.     BPD shall transfer Possession of a firearm or ammunition to (1) a licensed Firearms dealer, or (2) another person who is not prohibited from Possessing the firearm/ammunition under state or federal law AND who does not live at the same residence as the Respondent, only after:

| Policy 1122 | **DRAFT** EXTREME RISK PROTECTIVE ORDERS - FIREARMS | Page 10 of 15 |
|---|---|---|

35.1.  The licensed firearms dealer or other person provides written proof that the Respondent has transferred ownership of the firearm or ammunition to the dealer or person; **and** EMU verifies this with the Respondent.

36.  On written request of a Respondent, BPD may destroy Firearms or Ammunition seized or surrendered in accordance with an ERPO.

37.  If an individual other than the Respondent, or a licensed firearms dealer, claims ownership of a firearm or ammunition seized or surrendered due to an ERPO, BPD shall return the firearm or ammunition to the individual if:

37.1.  The individual provides proof of ownership of the firearm or ammunition; **and**

37.2.  EMU verifies and documents that the individual is not prohibited from Possessing the firearm or ammunition.

<u>NOTE</u>:  Proof of ownership can be satisfied by presenting a notarized letter prepared by the ERPO respondent that indicates the Respondent agrees to transfer the firearm and/or ammunition of the person (or dealer) and must include:

- The full name and address of the Respondent and the person or licensed firearms dealer;
- A full description of the firearms to include make, model, caliber, type and serial number and ammunition;
- The agreed upon value of the firearms and/or ammunition; and
- And agreed approximate date of transfer.

38.  If a firearm or ammunition is not claimed within six months after notice to the Respondent:

38.1.  No party shall have the right to assert ownership of the firearm or ammunition; **and**

38.2.  BPD may destroy the firearm or ammunition consistent with standard procedure.

**APPENDICES**

A.  Types of Civil Orders and Their Main Purpose
B.  ERPO Brochure
C.  Factors Used by Court to Determine whether an ERPO is Appropriate

**ASSOCIATED POLICIES**

Policy 711,      *Domestic Violence*
Policy 713,      *Petitions for Emergency Evaluation and Voluntary Admissions*
Policy 1007,    *Search and Seizure Warrants*
Policy 1104,    *Arrest Warrants*
Policy 1105,    *Custodial Interrogations*
Policy 1106,    *Warrantless Arrest Procedures and Probable Cause Standard*

| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 11 of 15** |
|---|---|---|

Policy 1109,   *Warrantless Searches*
Police 1112,   *Field Interviews, Investigative Stops, Weapons Pat-Downs & Searches*
Policy 1110,   *Protective and Peace Orders*


**COMMUNICATION OF POLICY**

This policy is effective on the date listed herein. Each employee is responsible for complying with the contents of this policy.



| Policy 1122 | **DRAFT** EXTREME RISK PROTECTIVE ORDERS - FIREARMS | Page 12 of 15 |

**APPENDIX A**

## Types of Civil Orders and their Main Purpose:

- **Peace Order**: Orders someone to stay away from another person; can be sought by anyone not eligible for a protective order when respondent has committed a specified act within the last 30 days (see below). A petitioner can qualify for either a Peace or Protective Order, but not both.

- **Protective Order**: Orders someone to stay away from another person; can be sought only by qualifying persons (usually related to domestic relationships) when respondent has committed a specified act (see below). Lasts longer and does more than a Peace Order. A petitioner can qualify for either a Peace or Protective Order, but not both.

- **Extreme Risk Protective Order (ERPO)**: Orders the surrender of & prohibits from possessing any firearms or ammunition; can be sought by certain persons (see below), including law enforcement or medical professionals when respondent poses an immediate and present danger of injury to self or others by having firearms.

- **Emergency Petition**: Allows an officer to take a person into custody for transport to a designated facility for an emergency evaluation; can be made by a physician, psychologist, social worker, nurse, health officer, or peace officer who has personally observed respondent's behavior, or sought through the court by any person who believes respondent has a mental health disorder and presents a danger to self or others.

| | | Type of Order | | | |
|---|---|---|---|---|---|
| | | Peace Order | Protective Order | ERPO | Emergency Petition |
| **What Can the Order Accomplish?** | Stop threats and abuse | ✓ | ✓ | | |
| | Respondent ordered to stay away from petitioner's home, work or school | ✓ | ✓ | | |
| | No contact with petitioners or others | ✓ | ✓ | | |
| | Temporary use and possession of home to petitioner; temporary custody of children to petitioner; temporary financial support | | ✓ | | |
| | Requires respondent to surrender all firearms and refrain from possessing firearms | | ✓ | ✓ | |
| | Respondent prohibited from buying firearms or ammunition | | | ✓ | |
| | Allows police officer to take person into custody for transport to hospital or other psychiatric emergency facility for emergency evaluation | | | | ✓ |
| **When Can Order Be Sought?** | ONLY when a person has a mental health disorder AND presents a danger to self or others | | | | ✓ |
| | Only when a person poses an immediate or present danger to self or others by having firearms | | | ✓ | |
| | When a person has done any of these acts: caused serious bodily harm; placed petitioner in fear of imminent harm; assault in any degree; rape or sex offense (or attempted); false imprisonment; criminal stalking; revenge porn; child abuse (for child protective order). Must be within 30 days for peace order. | ✓ | ✓ | | |
| | When a person has done any of these within 30 days: Criminal harassment; criminal trespassing; malicious destruction of property; misuse of telephone; misuse of electronic communications device or service; visual surveillance | ✓ | | | |
| **Who Can Apply?** | Physician, psychologist, social worker, nurse, mental health officer . | | | ✓ | If they examined the person |
| | Peace Officer/Law Enforcement Officer | | | ✓ | If personally observed the person or behavior |
| | Spouse; cohabitant; relative (blood, marriage, or adoption); intimate partner; or has children in common with respondent | | ✓ | ✓ | |
| | Current or former legal guardian | | | ✓ | |
| | Former spouse, had sexual relationship with respondent in last year; victim of sex offense or attempted sex offense by respondent in last 6 months ; vulnerable adult | | ✓ | | |
| | Any other person | ✓ | | | Must apply through court |

| Policy 1122 | **DRAFT** EXTREME RISK PROTECTIVE ORDERS - FIREARMS | Page 13 of 15 |

## APPENDIX B

**ERPO Brochure**

### WHAT IS AN EXTREME RISK PROTECTIVE ORDER, AND WHAT CAN IT DO?

An Extreme Risk Protective Order (ERPO) is a court-issued civil order temporarily requiring a person to:
• surrender any firearms or ammunition to law enforcement; and
• not purchase or possess firearms or ammunition.

With reasonable belief that a person meets the requirements, an ERPO allows the court to refer someone for an emergency evaluation due to mental disorder.

### WHAT AN EXTREME RISK PROTECTIVE ORDER CANNOT DO

An ERPO **cannot** order a person to:
• stop threatening or committing abuse;
• stay away from your home, place of employment, or school;
• have no contact with you or others.
There are other legal remedies to address these ERPO exclusions.

**If you need protection for yourself or a family member, see the "How to File for a Peace or Protective Order" Brochure (CC-DC-DV-PO-001BR).**

### WHO IS AN EXTREME RISK PROTECTIVE ORDER FILED AGAINST?

A person who poses an immediate and present danger of causing personal injury to self or others by having firearms. The person who is alleged to be a danger is called the **respondent**.

Factors demonstrating possible risk include:
• alarming behavior and statements;
• unlawful firearm possession;
• reckless or negligent firearm use;
• violence or threats of violence to self or others;
• violating peace or protective orders;
• drug and/or alcohol abuse; and/or
• information contained in health records.

## Other Resources

Maryland's Helpline
Call 211 and Press 1
Text Zip Code to 898-211
Visit 211md.org

National Suicide Prevention Lifeline
1-800-273-TALK (8255)

District Court Self-Help Resource Center
410-260-1392

National Domestic Violence Hotline
1-800-799-SAFE (7233)

Maryland Network Against Domestic Violence
1-301-429-3601
1-800-MD-HELPS (63-43577)

Additional information regarding how to file for an Extreme Risk Protective Order may be found at:
**mdcourts.gov/district/ERPO**

For more information about the Maryland Judiciary and the District Court visit:
**www.mdcourts.gov**

*The mission of the District Court of Maryland is to provide equal and exact justice for all who are involved in litigation before the court.*

This brochure is intended to inform the public. It is NOT legal advice. This brochure is subject to unscheduled and unannounced revisions. Any reproduction of this material must be authorized by the Office of the Chief Clerk of the District Court of Maryland.

**DC-ERPO-001BR** (Rev. 03/2020)



Extreme Risk Protective Orders

How to File for an Extreme Risk Protective Order

| | | |
|---|---|---|
| **Policy 1122** | **DRAFT EXTREME RISK PROTECTIVE ORDERS - FIREARMS** | **Page 14 of 15** |

## APPENDIX B

## ERPO Brochure (con.)

### WHO CAN FILE AN EXTREME RISK PROTECTIVE ORDER?

The person requesting an ERPO is the **petitioner**. A petition may be filed by a:
* spouse;
* cohabitant;
* relative by blood, marriage, or adoption;
* person with child(ren) in common;
* current dating or intimate partner;
* current or former legal guardian;
* law enforcement officer;
* specified medical professional who has examined the respondent.

### HOW TO APPLY FOR AN EXTREME RISK PROTECTIVE ORDER

**Step 1: Complete the petition**
• Obtain a **Petition for Extreme Risk Protective Order (DC-ERPO-001)** from a District Court clerk or commissioner, or online at: mdcourts.gov/district/forms.
• State specifically how the respondent presents an **immediate** and **present danger** of hurting himself/herself, you, or others if he/she has a firearm.
• Describe the respondent's behaviors and any statements made about hurting himself/herself or others.
• State that the respondent possesses firearms; provide a description and the location for each firearm.
• Sign the petition. By signing, you are stating under the penalties of perjury the information is true.

**Step 2: File the petition**
• File the Petition for Extreme Risk Protective Order in District Court.
• When the clerk's office is open, file the petition with the clerk.
• If the clerk's office is closed, file with a District Court commissioner.

Visit the Judiciary website at mdcourts.gov for court/commissioner locations.

**Step 3: Appear for a temporary hearing**
• The judge may issue a temporary order if he/she reasonably believes the respondent, by having firearms, poses an immediate and present danger of causing injury to himself/herself, you, or others.
• Under certain circumstances, the judge may hold a final hearing instead of a temporary hearing.

**Step 4: Appear for a final hearing**
• Usually, the court will schedule a hearing within seven (7) days after the respondent is served the Temporary ERPO.
• The judge may hold the final hearing with or without the respondent being present if the respondent has been served. A final hearing may not be held without service on the respondent.
• The Final ERPO period can be as long as one (1) year.
• The court can extend the Final ERPO for an additional six (6) months (for good cause) after notifying the parties and holding a subsequent hearing.

### FREQUENTLY ASKED QUESTIONS
**Can I file criminal charges?**
An ERPO is a civil order and not a criminal charge. See a District Court commissioner or a State's Attorney to file criminal charges.

### What happens if the respondent violates the order?
Violating an order is a crime that may result in a finding of contempt, arrest, criminal prosecution, imprisonment, and/or fine.

### Do I need an attorney?
It is your decision. If you decide to consult/hire an attorney, make contact as soon as possible to allow the attorney enough preparation time to assist you.

### How long does an order last?
• An Interim ERPO usually lasts until the Temporary ERPO hearing, but not beyond the second business day after issued unless the court is unexpectedly closed.

• A Temporary ERPO lasts until the Final ERPO hearing, but not beyond six (6) months.

• A Final ERPO may remain in effect for as long as one (1) year. The court for good cause may extend the term of the order for an additional six (6) months after a subsequent hearing.

### Can an appeal be filed?
• Either party may appeal a District Court judge's decision to either grant or deny an ERPO.
• File an appeal with the District Court in the county where the petition was decided.
• The District Court judgment remains in effect until superseded by a judgment of the Circuit Court.

### How and when does a respondent regain possession of firearms?
When the ERPO terminates or expires, the custodial law enforcement agency:
• notifies the respondent that he/she may request return of firearms/ammunition;
• verifies the respondent is not otherwise prohibited from possessing firearms/ammunition if the respondent submits a request for the return of the firearms/ammunition; and
• returns the respondent's firearms/ammunition no later than:
  □ 14 days after the expiration of an Interim or Temporary ERPO;
  □ 14 days after a court terminates a Final ERPO; or
  □ 48 hours after the expiration of a Final ERPO.

| Policy 1122 | **DRAFT** EXTREME RISK PROTECTIVE ORDERS - FIREARMS | Page 15 of 15 |
|---|---|---|

**APPENDIX C**

**Factors Used by Court to Determine whether an ERPO is Appropriate**

When determining whether to issue an ERPO, the Court or Commissioner considers a number of factors, including:

1.  Any information known to the Petitioner that the Respondent poses an immediate and present danger of causing personal injury to themselves, the Petitioner or another person by purchasing or Possessing a firearm.

2.  The Petitioner's basis of knowledge of supporting facts, including a description of the behavior, statements of the Respondent or any other information that led the Petitioner to believe the Respondent presents an immediate and present danger of causing personal injury to themselves, the Petitioner or another person.

3.  A description of the number, types and location of any firearm(s) believed to be Possessed by the Respondent.

4.  Any supporting documents or information regarding:

    4.1.  Any unlawful, reckless, or negligent use, display, storage, Possession or brandishing of a firearm by the Respondent.

    4.2.  Any act or threat of violence the Respondent made against the Petitioner or against another person, whether or not the threat of violence involved a firearm.

    4.3.  Any violation by the Respondent of a Protective Order or a Peace Order.

    4.4.  Any abuse of a controlled dangerous substance or alcohol by the Respondent, including any conviction for a criminal offense involving a controlled dangerous substance or alcohol.

    4.5.  Where disclosure is permitted or not otherwise prohibited by law, any health records or other health information concerning the Respondent.