IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| **POLICE DEPARTMENT OF THE CITY OF BALTIMORE, et al.** | * | |
| **Defendants** | * | |

\* . \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER REAPPOINTING CONSENT DECREE MONITOR

Pursuant to Paragraph 446 of the Consent Decree, "[t]he Monitor shall be appointed for a period of three years from the Effective Date, subject to an evaluation by the Court to determine whether to renew the Monitor's appointment until the Termination of this Agreement or for another two years, whichever happens first." (ECF No. 2-2 ¶ 446.) The Monitor and his team were appointed on October 3, 2017. (ECF No. 68.) After considering the Monitoring Team's community engagement, cost effectiveness, and technical assistance, in an Order docketed on April 9, 2020, the Court reappointed the Monitor and the Monitoring Team "for a period of two years or until the termination of the Consent Decree, whichever comes first." (ECF No. 308 at 3; *see also* ECF No. 2-2 ¶ 446 (directing the Court to consider community engagement, cost effectiveness, and technical assistance when evaluating the performance of the Monitoring Team).)

The Consent Decree has now been in place for five years, and it has not been terminated. Accordingly, it is time to again consider the reappointment of the Monitor and his team. On April 25, 2022, the Court directed the Parties to submit their feedback regarding the performance of the Monitor and the Monitoring Team. (ECF No. 507.) After reviewing the Parties' submissions

1

(ECF Nos. 511, 512), and after meeting with Monitoring Team leadership, the Court concludes that the Monitor and his team should be reappointed. In particular, the Court makes the following findings regarding the topics enumerated in Paragraph 446 of the Decree:

**Community Engagement.** The Court finds that the Monitoring Team continues to effectively engage the community and is encouraged by positive observations from DOJ regarding the Monitoring Team's performance in this area. The Court recognizes that productive community engagement remains a daily challenge, and it advises the Monitoring Team to work toward identifying new and creative ways to reach marginalized communities in Baltimore.

**Cost Effectiveness.** The Court finds that the Monitor and the Monitoring Team are conducting their work in a cost-effective manner. The Court reviews and approves the Monitoring Team's monthly invoices, which are published on the Monitoring Team website. Going forward, the Monitoring Team should continue to staff calls and meetings leanly, ensuring that only the individuals necessary to each topic and conversation are participating in order to remain within budget. However, the Court also cautions that lean staffing should not come at the expense of expeditious achievement of Consent Decree benchmarks. There must be a thoughtful balance, and the Court finds that the Monitor understands this. It should be noted that the Monitor and senior members of the Monitoring Team provide many hours of additional labor on a pro bono basis. This contribution of service amounts to a sizeable gift to the community.

**Technical Assistance.** The Court finds that the Monitor and the Monitoring Team are effectively providing technical assistance and subject matter expertise across the range of subject areas identified by the Consent Decree. BPD and the City observed that the Monitoring Team has "provided technical assistance on everything from use of force documentation, to performance evaluations, to 9-1-1 Diversion[,]" and DOJ noted that this "technical assistance has been crucial

2

to the City's and BPD's progress[.]" (ECF No. 511 at 1; ECF No. 512 at 2.) The Court finds that the technical assistance provided to date has been of immense value to the police reform initiative in Baltimore. The insights, advice, and assistance supplied by the Monitor and his subject matter experts have enabled the City and the BPD to crack a number of intractable and seemingly unsolvable barriers to reform here.

Going forward, the Monitoring Team should focus on providing additional technical assistance where it is still needed. However, the Court notes that its oversight of the Consent Decree is now in transition, and that it and the Monitoring Team are shifting away from technical assistance and moving more to conducting compliance reviews and outcome assessments. Ultimately, with the Monitor's assistance, the Court must determine whether the City and BPD are in compliance with the Decree such that they may be released from Court oversight. This phase of the initiative will require years to accomplish, and it is important to now get going and to fully engage in the compliance and assessment processes.

The Court is pleased with the performance of the Monitoring Team. While many challenges lay ahead on the road to compliance, they are not of the Monitoring Team's making. Bringing the Baltimore Police Department into compliance with the Consent Decree is an enormous challenge: the Decree is unprecedented in its scope, and the list and magnitude of the problems at BPD was, at least at the beginning, daunting. Now, after five years, there has been significant progress, and Baltimore is well on its way to remaking its police department as a fully modern law enforcement agency that operates within modern, 21st century policies; the law; and the U.S. Constitution. While the work is far from finished, the progress to date is significant, and this is due in no small part to the technical assistance provided by the Monitor and his team. The Court is confident that the Monitoring Team appreciates the need for it to now shift its efforts and

attention toward compliance reviews and outcome assessments, and toward assisting the Court in determining whether and when the City and BPD have met their obligations under the Decree.

Enjoying the full confidence of the Court, it is ORDERED that the Monitor and the Monitoring Team are reappointed for a period of two years or until the Termination of the Consent Decree, whichever first occurs.

DATED this 19 day of May, 2022.

BY THE COURT:

James K. Bredar
Chief Judge