IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| BALTIMORE POLICE DEPARTMENT, et al., | * | |
| Defendants. | * | |

**AMENDMENT TO BALTIMORE CONSENT DECREE MONITORING TEAM'S SECOND COMPREHENSIVE REASSESSMENT**

The Monitoring Team for the Baltimore Police Department ("Monitoring Team") hereby submits this amendment to the Monitoring Team's second comprehensive reassessment report (the "Report"). Following the issuance of the Report, the Monitoring Team identified several items that required correction in the compliance scores for each Consent Decree requirement (*i.e.* paragraph) included in Exhibit 2 of the Report. Accordingly, the Monitoring Team hereby amends those scores as follows:

1. The rating for Consent Decree paragraph 146, requiring various specific requirements for the use of conducted electrical weapons, is hereby changed from 4c (Implementation – On Track) to 4d (Implementation – Initial Compliance). The Monitoring Team determined that this was a typographical error in the Report.

2. The rating for Consent Decree paragraph 332, requiring that the Baltimore Police Department's ("BPD") Office of Professional Responsibility "have sufficient resources and qualified staff to successfully fulfill its mission" is hereby changed from 4d (Implementation – Initial Compliance) to 4c (Implementation – On Track). The Monitoring Team determined that this change was necessary upon consultation with the parties.

3. The rating for Consent Decree paragraph 438, requiring that BPD develop peer support services, including (1) a peer support program to provide officers emotional, social and practical support (paragraph 438(a)) and (2) a peer intervention program that provides training to safely intervene before an officer engages in unethical behavior, accept an intervention from another officer when it occurs, and provide emotional, social and practical support to officers who intervene (paragraph 438(b)), is hereby changed to reflect that as to paragraph 438(a), the rating is 4d (Implementation – Initial Compliance) and as to paragraph 438(b), the rating is 4c (Implementation – On Track). The Monitoring Team determined that this was a typographical error in the Report.

4. The rating for Consent Decree paragraph 439, requiring BPD to offer voluntary mental health evaluations before an officer returns to full duty following a traumatic event, is hereby changed from 4c (Implementation – On Track) to 4d (Implementation – Initial Compliance). The Monitoring Team determined that this was a typographical error in the Report.

5. The rating for Consent Decree paragraph 440, requiring BPD to develop well-being protocols that will include: close monitoring and checks of officers' well-being by supervisors; availability of mental health care to officers; health and safety guidance during pre-deployment briefings; close monitoring of officer fatigue and indications of stressors; and deployment of counselors or psychologists for officers and their families during prolonged periods of demonstrations or unrest, is hereby changed from 4d (Implementation – Initial Compliance) to 4c (Implementation – On Track). The Monitoring Team determined that this was a typographical error in the Report.

6. The rating for Consent Decree paragraph 441, requiring BPD to annually assess officer assistance and support programs, identify opportunities for improvement, and document improvements made, is hereby changed from 4c (Implementation – On Track) to 4d (Implementation

– Initial Compliance).  The Monitoring Team determined that this was a typographical error in the Report.

                    Respectfully submitted,

                    /s/
                    Kenneth Thompson, Monitor
VENABLE LLP
750 E. Pratt Street
Baltimore, MD 21202
Ken.thompson@bpdmonitor.com
(410) 244-7400