IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| BALTIMORE POLICE DEPARTMENT, et al., | * | |
| | * | |
| Defendants. | | |
| | *** | |

## MEMORANDUM AND ORDER

Before the Court is the Parties' Joint Motion for Partial Declaration of Full and Effective Compliance. (ECF No. 681.) The Motion seeks that the Court find that the City of Baltimore (the "City") and the Police Department of Baltimore City ("BPD") have reached Full and Effective Compliance with respect to the provisions of the Consent Decree[1] relating to: (1) the Transportation of Persons in Custody (contained in paragraphs 222–238 of the Consent Decree) and (2) Officer Assistance and Support (contained in paragraphs 436–438.a and 439–441 of the Consent Decree). The Motion also seeks for the Court to set in deadlines for completion of BPD's self-assessment plans relating to those sections and for the Court to consider paragraph 438.b of the Consent Decree (which relates to peer intervention) as part of the Misconduct Investigations and Discipline section of the Consent Decree, rather than the Officer Assistance and Support section.

This Motion and the January 25 Hearing the Court held on the Motion are the first steps toward terminating provisions of the Consent Decree. If the Court determines that Full and

---

[1] On April 7, 2017, the Court signed, and thereby made an order of the Court, a proposed consent decree. (ECF Nos. 2-2, 39.) This Decree has been amended (ECF Nos. 39, 56, 89, 410) and the resulting order is referred to herein and in other Court filings as the "Consent Decree."

Effective Compliance has been reached with respect to Transportation of Persons in Custody and Officer Assistance and Support, a one-year sustainment period begins. (Consent Decree, ¶¶ 504, 506.) The Consent Decree explains that: "[t]o achieve 'Full and Effective Compliance,' the City and BPD must demonstrate that they have (a) incorporated all Material Requirements of [the Consent Decree] into policy, trained relevant personnel as necessary to fulfill their responsibilities pursuant to the material requirements, and ensured that each material requirement is being carried out in practice; and (b) shown sustained and continuing improvement in constitutional policing as demonstrated by [the Consent Decree's] Outcome Assessments." (*Id.* ¶ 506.) The Decree states that while no "numerical test" is required to be met, BPD must demonstrate "substantial adherence" with the Consent Decree's requirements, "continual improvement," and that "the overall purpose of the Material Requirements has been met." (*Id.*) A "Material Requirement" is defined as "[a] requirement of the [Consent Decree] that has a significant relationship to achieving the purposes of [the Consent Decree]." (*Id.* ¶ 511.aaa.) The Consent Decree provides that "BPD will bear the burden of demonstrating by a preponderance of the evidence its Full and Effective Compliance." (*Id.* ¶ 493.)

After the one-year sustainment period, "[t]he City and BPD may move the Court . . . to terminate [the Consent Decree] upon a showing by a preponderance of the evidence that BPD has reached Full and Effective Compliance and maintained that compliance according to the time periods set forth in Paragraph 504. The Parties may also agree to jointly ask the Court to terminate [the Consent Decree] at any time after BPD has been in Full and Effective compliance with [the Consent Decree] in accordance with Paragraph 504." (*Id.* ¶ 507.) At that time, to the extent that BPD and the City have reached Full and Effective Compliance and have complied with the requisite sustainment period with a part of the Consent Decree—rather than the Consent Decree

2

as a whole—the City and BPD may move to terminate just that part of the Consent Decree. (*Id.* ¶ 508.) To terminate only part of the Consent Decree, "that part must be sufficiently severable from the other requirements of the [Consent Decree] that noncompliance with those other requirements does not implicate BPD's ability to police in accordance with federal law and this [Consent Decree] in the part to be terminated." (*Id.*)

The Court has carefully reviewed the submissions of the Parties, as well as the reports filed by the Monitor. The Court, accepting the representations and upon on its own review of evidence and the filings submitted by the Parties and the Monitor, finds that Full and Effective Compliance has been demonstrated with respect to Transportation of Persons in Custody and Officer Assistance and Support.

Section IX of the Consent Decree addresses Transportation of Persons in Custody and includes four subsections: Transportation Equipment; Transportation Procedures; Monitoring of Transportation Practices; and Policies and Training. The Court finds by a preponderance of the evidence that BPD has demonstrated that it has reached Full and Effective Compliance with respect to this section, and that the one-year sustainment period should begin.

In so concluding, the Court finds particularly compelling the recent Compliance Reassessment by the Monitoring Team. (ECF No. 675 (Compliance Reassessment of Transportation of Persons in Custody).) The Court also finds compelling that the Department of Justice agrees that BPD has achieved Full and Effective Compliance with respect to this topic. (*See generally* ECF No. 682.) While the Court will not recite herein all of the evidence before it, it notes that BPD has ensured that its vehicles include safety equipment to minimize any harm to its vehicle occupants. It has also implemented policies and procedures aimed at achieving that goal. BPD has established the capacity for careful surveillance of vehicle occupants and of

officers. The capacity to record and audit BPD's activities surrounding transport is critical to reestablishing the trust of the community and to ensuring sustained compliance with the Consent Decree's requirements.

Section XVIII of the Consent Decree addresses Officer Assistance and Support.[2] The Court finds that BPD has reached Full and Effective Compliance with respect to this section of the Consent Decree. The Court finds that the recent Compliance Reassessment by the Monitoring Team (ECF No. 674 (Compliance Reassessment of Officer Assistance and Support)) reflects that the BPD has achieved Full and Effective Compliance with respect to Officer Assistance and Support. This is bolstered by the DOJ's conclusion that the BPD has reached Full and Effective Compliance. (*See generally* ECF No. 682.) Officer wellness is a critical piece of the puzzle. The BPD and the City—like the rest of society—have become more enlightened with respect to the importance of the mental and emotional health of its employees. Police work exacts a heavy toll, and the BPD and the City owe their officers a high level of support. The Court finds by a preponderance of the evidence that BPD and the City have achieved Full and Effective Compliance with respect to Officer Assistance and Support, and that the one-year sustainment period should begin.

Accordingly, for the foregoing reasons and for the reasons stated during the January 25, 2024 Hearing, it is ORDERED that:

1. The Court GRANTS the Parties' Joint Motion (ECF No. 681).
2. The Court finds that the City and BPD HAVE ACHIEVED FULL AND EFFECTIVE COMPLIANCE with respect to Transportation of Persons in Custody

---

[2] This section spans paragraphs 436–441. The Parties seek for the Court to consider paragraph 438.b (which relates to the peer intervention program) in connection with Misconduct Investigations and Discipline. The Court will grant that request.

4

(paragraphs 222–238 of the Consent Decree) and Officer Assistance and Support (paragraphs 436–438.a, and 439–441).

3. The one-year sustainment period BEGINS on the date of this Order, January 25, 2024, and ENDS on January 25, 2025.

4. The Court will consider paragraph 438.b of the Consent Decree, relating to peer intervention, as part of the Misconduct Investigations and Discipline section. It therefore makes no findings as to the City and BPD's compliance with that paragraph of the Decree today.

5. The Court sets forth the following dates and deadlines:

    1. January 26, 2024: BPD provides proposed self-assessment plan regarding transportation of persons in custody to the Parties and Monitor.

    2. February 9, 2024: BPD files final self-assessment plan, approved by the Parties and Monitor, regarding transportation of persons in custody.

    3. February 9, 2024: BPD provides proposed self-assessment plan regarding officer assistance and support to the Parties and Monitor.

    4. February 23, 2024: BPD files final self-assessment plan, approved by the Parties and Monitor, regarding officer assistance and support.

DATED this **25** day of January, 2024.

BY THE COURT:

James K. Bredar
Chief Judge