IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| **POLICE DEPARTMENT OF THE CITY OF BALTIMORE, et al.** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER REAPPOINTING CONSENT DECREE MONITOR

Paragraph 446 of the Consent Decree provides that "[t]he Monitor shall be appointed for a period of three years . . . subject to an evaluation by the Court to determine whether to renew the Monitor's appointment under the Termination of [the Consent Decree] or for another two years, whichever happens first." (ECF No. 2-2 ¶ 446.) The Court last reappointed the Monitor and Monitoring Team on May 19, 2022. (ECF No. 514.) At that time, the Court reappointed the Monitor and the Monitoring Team "for a period of two years or until the Termination of the Consent Decree, whichever comes first." (*Id.*) Accordingly, the Court must assess the Monitor and Monitoring Team's performance to determine whether reappointment is appropriate.

The Consent Decree requires the Court to "consider the Monitor's performance . . . including whether the Monitor is adequately engaging the community, completing its work in a cost-effective manner and on budget, and is working effectively with the Parties to facilitate BPD's efforts to comply with [the Consent Decree's] terms, including by providing Technical Assistance to BPD." (ECF No. 2-2 ¶ 446.) To aid in its evaluation, the Court directed the Parties to submit their feedback regarding the performance of the Monitor and Monitoring Team, and met and

1

conferred with the Monitor. (*See* ECF No. 714.) After reviewing the Parties' submissions (ECF Nos. 717, 718), meeting with Monitoring Team leadership, and assessing the work that has been accomplished over the past seven years, the Court concludes that the Monitor and his team should be reappointed. In particular, the Court makes the following findings regarding the topics enumerated in Paragraph 446 of the Decree:

**Community Engagement**. The Court finds that the Monitoring Team continues to engage with communities throughout Baltimore through its quarterly community forums and other outreach efforts, such as through community liaisons and community meetings. As the Court has recognized on multiple occasions, community engagement is critical for the long-term success of the reforms that have been and are being implemented by the City and BPD. The Court finds that the Monitoring Team understands this and has made community engagement a priority. The Court encourages the Monitoring Team to ensure that it reaches marginalized communities, and to continue to identify ways to do so.

**Cost Effectiveness**. The Court continues to find that the Monitor and Monitoring Team are conducting their work in a cost-effective manner. The Court carefully reviews the Monitoring Team's monthly invoices, which are published on the Monitoring Team website. Moreover, the Monitoring Team continues to provide a significant amount of its services pro bono.

The Parties and the Monitoring Team are now at a tipping point where the Court—and the public—expect to see the City and BPD coming into compliance with the various provisions of the Consent Decree in due course. The Court finds that the Monitoring Team, while continuing to provide technical assistance, has also focused on conducting the numerous compliance reviews and outcome assessments that will be required for the Court to assess whether the City and BPD are in compliance with the various provisions of the Consent Decree. As the DOJ explained in its

submission, "[d]ue to the City's and BPD's diligent efforts over the last few years, many areas of the Consent Decree are ready for and undergoing compliance and outcome assessments at the same time, increasing the Monitoring Team's workload." (ECF No. 717.)

The Court recognizes the management and resource challenges before the Monitoring Team, given this dual role it is playing. The Court finds that the Monitoring Team has thoughtfully navigated these challenges, and has endeavored to ensure that they do not come at the expense of the timely achievement of Consent Decree benchmarks. The Court encourages the Monitoring Team to continue to creatively and prudently allocate its resources.

**Working Effectively with the Parties**. The Court finds that the Monitor and his Team continue to work effectively with the Parties, and the Parties agree. (*See* ECF Nos. 717, 718.)

With respect to the provision of technical assistance, the DOJ explained in its submission that "[t]he Monitoring Team has a wealth of knowledge and expertise that was extremely useful for technical assistance in the initial years after approval of the Consent Decree." (ECF No. 717.) The City explained that "[t]he Monitoring Team has been an indispensable stakeholder in the strides BPD has made towards achieving the benchmarks set forth in the Consent Decree." (ECF No. 718.) The Court likewise finds that the Monitoring Team's technical assistance and subject matter expertise has been vital to the City and BPD these past seven years.

With respect to compliance reviews and outcome assessments, the Court also finds that the Monitoring Team has worked effectively with the parties. Indeed, this matter reached an important milestone at the beginning of this year when the Court found that the City and BPD were in full and effective compliance with two sections of the Consent Decree. As the City explained, "[t]he Monitoring Team was [] instrumental in the recent Joint Motion for Partial Declaration of Full and Effective Compliance, filed by BPD, the City, and the Department of Justice[.]" (ECF No. 718.)

Overall, the Court is pleased with the performance of the Monitoring Team, including the expertise it has provided and the enormous task of assessing compliance with the Decree. The Court finds that the Monitoring Team continues to play a critical role in the progress under the Consent Decree. The Court is confident that the Monitoring Team is well-suited to tackle the challenges ahead, including the expeditious completion of outcome assessments and compliance reviews.

For the foregoing reasons, it is ORDERED that the Monitor and the Monitoring Team are reappointed for a period of two years or until the Termination of the Consent Decree, whichever first occurs.

DATED this 16 day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge