IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-17-0099 |
| BALTIMORE POLICE DEPARTMENT, et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM AND ORDER

Before the Court is the Parties' Joint Motion for Partial Declaration of Full and Effective Compliance. (ECF No. 777.) The Motion seeks that the Court find that the City of Baltimore (the "City") and the Baltimore Police Department ("BPD") have reached Full and Effective Compliance with respect to the provisions of the Consent Decree[1] relating to: (1) First Amendment Protected Activities; (2) Community Oversight Task Force ("COTF"); and (3) Coordination with Baltimore City School Police Force. (*Id.*) The Motion also seeks that the Court set deadlines for the completion of BPD's self-assessment plans relating to First Amendment Protected Activities and Coordination with Baltimore City School Police Force.[2] (*Id.*) BPD and the City have filed a brief in support of the Motion, (ECF No. 778), as has the Department of Justice ("DOJ"), (ECF No. 779). At the January 23, 2025 Quarterly Public Hearing, the Court heard from the parties and from the Monitoring Team on each of these topics.

---

[1] On April 7, 2017, the Court signed, and thereby made an order of the Court, a proposed consent decree. (ECF Nos. 2-2, 39.) This Consent Decree has been amended, (*see, e.g.*, ECF Nos. 39, 56, 89, 410), and the resulting order is referred to herein and in other Court filings as the "Consent Decree" or the "Decree."

[2] The parties do not seek that the Court set any deadlines with respect to COTF, given that "COTF has fulfilled its responsibilities and has no continuing obligations." (ECF No. 777.)

For the reasons stated herein and in open court, the Court will grant the pending Motion, given that the Court finds that the City and BPD have reached Full and Effective Compliance with respect to First Amendment Protected Activities, COTF, and Coordination with Baltimore City School Police Force.

## I. Consent Decree Requirements

The Consent Decree provides that, "[t]o achieve 'Full and Effective Compliance,' the City and BPD must demonstrate that they have (a) incorporated all Material Requirements of this [Consent Decree] into policy, trained relevant personnel as necessary to fulfill their responsibilities pursuant to the material requirements, and ensured that each material requirement is being carried out in practice; and (b) shown sustained and continuing improvement in constitutional policing as demonstrated by the [Consent Decree's] Outcome Assessments." (Consent Decree ¶ 506.) While there is no "numerical test" to satisfy, BPD must demonstrate "substantial adherence" with the Decree's requirements, "continual improvement," and that "the overall purpose of the Material Requirements has been met." (*Id.*) A "Material Requirement" is defined as "[a] requirement of the [Consent Decree] that has a significant relationship to achieving the purposes of [the Consent Decree]." (*Id.* ¶ 511.aaa.) "BPD [] bear[s] the burden of demonstrating by a preponderance of the evidence its Full and Effective Compliance." (*Id.* ¶ 493.)

Once the Court determines that Full and Effective Compliance has been reached with respect to the three topics at issue here, a one-year sustainment period begins. (*Id.* ¶¶ 504, 506.)[3] After this one-year period, "[t]he City and BPD may move the Court . . . to terminate [the Consent Decree] upon a showing by a preponderance of the evidence that BPD has reached Full and Effective Compliance and maintained that compliance according to the time periods set forth in

---

[3] Certain other topics in the Consent Decree are subject to a two-year sustainment period.

Paragraph 504. The Parties may also agree to jointly ask the Court to terminate [the Consent Decree] at any time after BPD has been in Full and Effective compliance with [the Consent Decree] in accordance with Paragraph 504." (*Id.* ¶ 507.)

Further, to the extent that BPD and the City have reached Full and Effective Compliance and have complied with the requisite sustainment period with a part of the Consent Decree, the City and BPD may move to terminate just that part of the Decree. (Consent Decree ¶ 508.) To terminate only part of the Decree, "that part must be sufficiently severable from the other requirements of the [Consent Decree] that noncompliance with those other requirements does not implicate BPD's ability to police in accordance with federal law and this [Consent Decree] in the part to be terminated." (*Id.*)

## II. Analysis

The Court has carefully reviewed the submissions of the Parties, as well as the relevant reports filed by the Monitor. The Court, accepting the representations and upon on its own review of evidence and the filings submitted by the Parties and the Monitor, finds that Full and Effective Compliance has been reached with respect to First Amendment Protected Activities, COTF, and Coordination with Baltimore City School Police Force. Further, as the Court explained at the January 23, 2025 Hearing, it concludes that the First Amendment Protected Activities and COTF provisions of the Decree are severable, and does not make any findings at this time as to the severability of Coordination with Baltimore City School Police Force.

### A. First Amendment Protected Activities

Section X of the Decree addresses First Amendment Protected Activities. (Consent Decree ¶¶ 239–56.) It includes several subsections: Right to Criticize Law Enforcement or Engage in Expressive Activity, as Protected by the First Amendment; Right to Engage in Lawful Public

3

Protest or Assembly, as Protected by the First Amendment; Right to Observe and Record, as Protected by the First Amendment; Policy and Training for First Amendment Protected Activity; Supervision of First Amendment Related Arrests and Seizures; and Ongoing Assessment and Improvement. (*Id.*) The Court finds by a preponderance of the evidence that BPD has demonstrated that it has reached Full and Effective Compliance with respect to this section, and that the one-year sustainment period should begin.

In reaching this conclusion, the Court has considered the Parties' briefing (ECF Nos. 778, 779) as well as the Monitoring Team's recent Compliance Review Regarding First Amendment Protected Activities (ECF No. 749). The Court finds particularly compelling the Monitoring Team's assessment, which recommended that the Court find BPD in Full and Effective Compliance. (ECF No. 749.) The Monitoring Team explained in its assessment that, "[h]aving conducted thorough training and implemented first-rate policies reflecting national best practices on First Amendment–protected activities, BPD has put in appropriate measures to eliminate what the [DOJ] found in its 2015–16 investigation to be an unconstitutional pattern or practice of retaliating against individuals who criticize police conduct or engage in protest activity." (*Id.*) The Court also finds that the DOJ's endorsement and independent audit of the Monitoring Team's findings weighs heavily in favor of the Court's finding of Full and Effective Compliance. (*See* ECF No. 779 (DOJ brief explaining that "[t]he United States agrees with the Monitoring Team's conclusions. We completed an audit of the Monitoring Team's review and are confident in its findings. BPD has put in place appropriate measures to eliminate the unconstitutional pattern or practice of First Amendment violations.").)

Further, the DOJ requested that the Court find that this provision was severable, because "[n]on-compliance with other sections of the Decree does not implicate BPD's ability to comply

4

with federal law and this Decree as they relate to" this area. (ECF No. 779 at 23.) The Court agrees, and finds that this section of the Decree is severable.

### B. Community Oversight Task Force

Section II of the Consent Decree addresses COTF. (Consent Decree ¶¶ 10–14.) This section of the Decree required the creation of COTF, which was to review the system of civilian oversight and provide recommendations to BPD and the City. (*Id.*) The Court finds by a preponderance of the evidence that BPD and the City have demonstrated that they have reached Full and Effective Compliance with respect to this section, and that the one-year sustainment period should begin.[4]

The Court, upon its review of the Monitoring Team's Community Oversight Task Force Assessment (ECF No. 758) and of the Parties' briefing (ECF Nos. 778, 779), finds the City and BPD in Full and Effective Compliance with the COTF section of the Decree. As the Monitoring Team explained, the City created COTF as required by the Decree, and the COTF's membership was diverse. (*See* ECF No. 758.) COTF met 22 times between July 2017 and June 2018, and ultimately issued a report, as required by the Decree, that provided recommendations to BPD and the City. (*Id.*) The City and BPD and the DOJ agree with the Monitoring Team's assessment that the City and BPD have met the requirements of the COTF section of the Decree. (ECF Nos. 778, 779.)

Further, the DOJ requested that the Court find that this provision was severable, because "[n]on-compliance with other sections of the Decree does not implicate BPD's ability to comply

---

[4] At the January 23 Hearing, the Court addressed whether there was a need for a one-year sustainment period for this section of the Decree. The parties agreed that there are no ongoing obligations with respect to the COTF provisions, and that there is no need for the City and BPD to create a self-assessment plan. However, given that the Decree provides for a sustainment period, and given that no party has moved to amend that requirement, this section of the Decree will also enter its sustainment period.

with federal law and this Decree as they relate to" this area. (ECF No. 779 at 23.) The Court agrees, and finds that this section of the Decree is severable.

### C. Coordination with Baltimore City School Police Force

Section XV of the Consent Decree addresses Coordination with the Baltimore City School Police Force. (Consent Decree ¶¶ 416–18.) The Decree requires BPD to enhance its coordination and partnership with the Baltimore City School Police Force, to evaluate how BPD and the School Police coordinate efforts throughout the City, to identify areas to improve coordination, and to implement these improvements, to the extent they are within BPD's control. (*Id.*) The Court finds that BPD and the City have demonstrated that they have reached Full and Effective Compliance with respect to this section, and that the one-year sustainment period should begin.

The Court is again persuaded by its review of the Parties' briefing (ECF Nos. 778, 779) and its review of the Monitoring Team's Compliance Review & Outcome Assessment Regarding the Interactions with Youth and Coordination with Baltimore City School Police Force.[5] (ECF No. 752.) The Monitoring Team concluded that BPD completed the required assessments relating to its Memorandum of Agreement between the Baltimore City Schools and BPD ("MOU"), and revised the MOU consistent with the requirements of the Decree. (*Id.*) The Monitoring Team also found that BPD has shared policies and procedures with Baltimore City School Police. (*Id.*) Ultimately, the Monitoring Team recommended that the Court find BPD in Full and Effective Compliance with this section of the Decree.

The Court's conclusion is supported by the DOJ's endorsement of the Monitoring Team's findings. As DOJ explained, "BPD has made significant progress in improving its coordination

---

[5] This Compliance Review and Outcome Assessment also focused on the Interactions with Youth provisions of the Decree. That section is not yet ripe for the Court's review.

with the school police, resulting in clearer protocols, communication, and data collection." (ECF No. 779.) The DOJ conducted an independent assessment of BPD's compliance with this section of the Decree, and concluded that "[b]ased on our review, combined with the Monitoring Team's comprehensive review and findings, we agree that BPD is in compliance with the Consent Decree's Coordination with School Police provisions." (*Id.*)

The DOJ requested that the Court find that this provision was severable, because "[n]on-compliance with other sections of the Decree does not implicate BPD's ability to comply with federal law and this Decree as they relate to" this area. (ECF No. 779 at 23.) The Court notes that there is also an Interactions with Youth section of the Decree, and has determined that it will assess the severability of the Coordination with the Baltimore City School Police Force at a later date.

## III. Conclusion

For the foregoing reasons, and for the reasons stated during the January 23, 2025 Quarterly Public Hearing, it is ORDERED that:

1. The Court GRANTS the Parties' Joint Motion (ECF No. 777).
2. The Court finds that the City and BPD HAVE ACHIEVED FULL AND EFFECTIVE COMPLIANCE with respect to (1) First Amendment Protected Activities; (2) Community Oversight Task Force; and (3) Coordination with Baltimore City School Police Force.
3. The one-year sustainment period for these three topics BEGINS on January 25, 2025, and ENDS on January 25, 2026.
4. The Court also concludes that the First Amendment Protected Activities and Baltimore City School Police Force sections of the Decree ARE SEVERABLE.
5. The Court sets forth the following dates and deadlines:

1. January 24, 2025: BPD provides proposed self-assessment plan regarding First Amendment Protected Activities and Coordination with Baltimore City School Police Force to the Parties and Monitor.

2. February 7, 2025: BPD files final self-assessment plan, approved by the Parties and Monitor, regarding First Amendment Protected Activities and Coordination with Baltimore City School Police Force.

DATED this 24 day of January, 2025.

BY THE COURT:

James K. Bredar
United States District Judge