IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | CIVIL NO. JKB-17-0099 |
| BALTIMORE POLICE DEPARTMENT, et al., | |
| Defendants. | |

## JOINT MOTION TO AMEND PARAGRAPHS 56, 73, 190, 213, 262, 287, 299, 336, 342, 344, 354, AND 402 OF THE CONSENT DECREE

Pursuant to Paragraph 494 of the Consent Decree entered by the Court on April 7, 2017 (ECF No. 2-2, as amended by ECF Nos. 39, 56, 89, 410), Plaintiff, the United States of America, and Defendants, the Police Department of Baltimore City ("BPD") and the Mayor and City Council of Baltimore ("the City") jointly move to amend Paragraphs 56, 73, 190, 213, 262, 287, 299, 336, 342, 344, 354, and 402 of the Decree.

The Parties' proposed amendments seek to clarify the Decree's requirements and make technical changes to reflect changed circumstances since the Decree was entered. The Monitor has reviewed and agrees with these proposed amendments to the Decree.

## DISCUSSION

In negotiating the Decree, the Parties contemplated that changes to the Decree may be necessary to reflect changes in circumstance and experience implementing the Decree. Paragraph 494 of the Decree allows the parties to jointly move to make such changes, and states that these proposed amendments should be encouraged where the Parties agree that the provision as drafted is not furthering the purpose of the Agreement or that there is a preferable alternative that will achieve the same purpose.  After extensive discussion and deliberation beginning last summer,

the Parties identified several amendments that, based on the Parties' experience implementing the Decree, would more efficiently and effectively achieve the Decree's purposes. Pursuant to Paragraph 494, the Parties move the Court to amend the Decree as follows.

Paragraph 56. The Decree currently requires officers to record that a person has voluntarily consented to a Search, by providing a Consent to Search Form. With the amendment, officers could either use the form or capture the advisement and consent on body-worn camera (BWC). Since the entry of the Decree, BPD has moved away from a paper-based system and all patrol officers now have BWC. Providing an alternative means for officers to document consent will increase efficiency for BPD and will eliminate the need for officers to carry and track paper consent forms. Officers will be required to use mandatory, standardized language to avoid coercion.

Paragraphs 73, 190, and 262. The Parties propose amending Paragraph 73, which requires BPD to provide trainings and conduct audits of supervisory reviews of stops, searches, and arrests within seven days of the supervisor's reviews and conclusions. Replacing the seven-day deadline with a requirement for monthly audits will provide greater flexibility for BPD to manage compliance efforts—while maintaining the requirement that BPD conduct meaningful audits of supervisory review practices.

Similarly, the Parties propose amending Paragraphs 190 and 262(a)(i) to extend the timelines for supervisors to review use of force reports and sexual assault reports, respectively. The proposed amendments provide reasonable, workable deadlines, and take into account scheduled workdays and leave schedules.

Paragraph 213. The Parties propose amending Paragraph 213(l), which requires BPD to electronically track the length of time between each use of force and the completion of each step

of the associated force investigation and review. Under the amendment, BPD would track the total length of time between each use of force and the completion of the associated force investigation. BPD's electronic system for tracking use of force investigations does not allow for the analysis required by the existing requirement, and BPD's attempted workarounds have failed to reliably capture this data.

Paragraph 287. BPD currently must review each new or revised policy that relates to the material requirements of the Decree within 18 months after it has been put into effect. With the proposed amendments, BPD will set its own deadlines for policy review based on its assessed needs.

Paragraph 299. The Parties propose amending this paragraph to link the Decree's requirements for minimum hours of training to BPD's training needs assessment, rather than requiring specific hours for certain training topics. If the assessment indicates that the annual in-service training hours specified in the Decree would not efficiently advance BPD's training needs, BPD can alter the duration or frequency of the training, upon approval by DOJ and the Monitor. This paragraph already contemplates that BPD will develop its annual training plan based on the training needs assessment. This process will add flexibility while still ensuring a meaningful method to establish training needs and topics.

Paragraphs 336, 342, 354, and 402. The Decree requires BPD to "ensure that the complaint intake process is open and accessible." Decree ¶ 336. The Parties propose amending Paragraph 336(a)(i) to relax requirements that BPD provide and replenish physical complaint forms at all locations throughout the City. BPD would still be required to make information about how to file a police misconduct complaint widely available. This amendment recognizes that BPD now allows for the electronic submission of complaints and therefore can provide a

3

direct link to complaint forms and the online complaint portal instead of replenishing hardcopy forms throughout the City. The change therefore increases efficiency and cost-savings while still providing the public with meaningful access to the complaint process.

The Parties also propose amending Paragraphs 342, 342(a), and 342(b) to update the method and timeline for providing updates to civilian complainants, again recognizing BPD's shift away from paper complaints. The changes would require BPD to send updates to the complainant's preferred method of contact rather than sending all updates by mail and by email, if provided. The changes would also extend the time for a notice of receipt from seven to ten days. The amendments recognize that, for many people, emails and text are a preferred and more reliable method of communication than paper mail.

The Parties propose amendments to Paragraph 344(i), 354(b), 354(b)(i), and 354(b)(ii) that would allow individuals ranked Captain or above within the Public Integrity Bureau to approve extensions, review investigation reports, and order more investigation, if necessary. Currently, only the PIB Director has authority to carry out these tasks under the Decree. These changes update the Consent Decree to reflect the current structure of BPD's Public Integrity Bureau and provide greater flexibility to avoid a bottleneck.

Finally, the Parties propose amending Paragraph 402's requirement to publish a quarterly report on misconduct complaints and investigations and allow BPD the option of publishing an annual report complemented by a frequently updated online complaint dashboard. The option of an annual report with more real-time data provides an effective and efficient means of ensuring public transparency with respect to BPD's misconduct investigations.

## PROPOSED CHANGES

The Parties requests that the Court amend the Consent Decree by replacing the existing provisions with the provisions set forth below (additions in bold, deletions in strikethrough).

1. The Parties propose the following amendment to Paragraph 56:

    "56. BPD will require that prior to a consent Search, officers shall ~~provide persons whose person or property they wish to Search with a consent Search to Search Form and~~ explain the ~~purpose of the form. The Consent to Search Form will include an explanation of an~~ individual's right to refuse, limit, and revoke consent at any time **using standardized language**.  BPD will ensure that the **Consent is voluntary by either capturing the advisement and expressed consent on BWC and/or providing a** Consent to Search Form ~~has~~ **with** a separate signature line for civilians to affirm that they understand they have a right to refuse, limit, and revoke consent at any time.  Officers may not conduct a consent Search until **the person gives voluntary consent captured on BWC or** ~~the subject of the Search~~ signs the Consent to Search form. ~~If the subject gives verbal consent to the Search but refuses to sign the Consent to Search form, the officer may proceed with this search and must document the subject's verbal consent and refusal to sign the Consent to Search form.~~"

2. The Parties propose the following amendment to Paragraph 73:

    "73. BPD will ensure that it provides training and conducts **monthly** audits of supervisory reviews of Investigatory Stops or Detentions, Searches, and Arrests to evaluate the supervisor's review and conclusions ~~within seven days of their completion~~ and ensure that officers understand and apply appropriate legal standards in conducting Investigatory Stops or Detentions, Searches, and Arrests. If misconduct is identified, a commanding officer will evaluate the supervisor's assessment and recommendations and ensure that all appropriate corrective action is taken, including referring the incident to the Office of Professional Responsibility ("OPR") for investigation. BPD will also take appropriate corrective or disciplinary action against supervisors who fail to conduct complete, thorough, and accurate reviews of officers' Investigatory Detentions, Searches, and Arrests."

3. The Parties propose the following amendment to Paragraph 190:

    "190. For Level 2 Reportable Force, the first-line permanent-rank supervisor's use of force review will be completed and entered into Blue Team within ~~72 hours~~ **the investigating supervisor's first five scheduled working days or 14 calendar days after** ~~of~~ the use of Reportable Force**, whichever comes first**, unless the supervisor's commanding officer approves an extension. . . ."

4.  The Parties propose the following amendment to Paragraph 213(l):

> "213. BPD will ensure the creation and maintenance of a reliable and accurate electronic system to track all data derived from Reportable Force-related documents, including:
>
>> a. The type(s) of force used;
>> b. The actual or perceived race, ethnicity, age, and gender of the subject;
>> c. the name, shift, and assignment of the officer(s) who used force;
>> d. the District where the use of force occurred;
>> e. Whether the incident occurred during an officer-initiated contact or a call for service;
>> f. The subject's perceived mental health or medical condition, use of drugs or alcohol, or the presence of a disability, if indicated at the time force was used;
>> g. The subject's actions that led to the use of force, including whether the subject was in possession of a weapon;
>> h. Whether the subject was handcuffed or otherwise restrained during the use of force;
>> i. Any injuries sustained by the officer or the subject or complaints of injury, and whether the officer or subject received medical services;
>> j. whether the subject was charged with an offense, and, if so, which offense(s);
>> k. For firearms-related deadly force incidents, the number of shots fired by each involved officer, the accuracy of the shots, and whether the subject was armed or unarmed; and
>> l. The length of time between the use of force and the completion of ~~each step of the force investigation and review~~ **the assessment**."

5.  The Parties propose the following amendment to Paragraph 262(a)(i):

> "262. BPD shall establish and implement measures to ensure supervision and internal oversight of sexual assault investigations. These measures should include but not be limited to:
>> a. Developing a system of automated alerts to trigger supervisory review of open sexual assault investigations, and a protocol governing the supervisory review. This system and protocol shall include:
>>> i. Supervisory review of all sexual assault reports, that fall under the investigative criteria for the Sex Offense Unit or Child Abuse Unit, within ~~48 hours~~ **72 hours** of the report being taken in order to ensure consistency with BPD policy for initial officer response and documentation; and
>>> ii. Supervisory evaluation of the thoroughness of the investigation in sexual assault cases when: (1) the victim has not been interviewed within one week of BPD receiving the report of sexual assault; (2) a case has been classified as "open," without any investigative activity, for longer

than six months."

6. The Parties propose the following amendment to Paragraph 287:

"287. BPD agrees to re-review each new or revised policy or procedure that relates to the Material Requirements of this Agreement ~~after it has been in effect for a year and before 18 months~~ **in accordance with BPD's assessment of need for revision** to ensure it provides clear guidance to officers and is consistent with this Agreement and current law. When the Monitor gives BPD notice of a significant policy deficiency, the BPD agrees to collaborate with the Monitor to review and remedy any deficiency."

7. The Parties propose the following amendment to Paragraph 299:

"299. BPD will review and update BPD's Training Plan on a periodic basis. To inform these updates, BPD will conduct a needs assessment, taking into consideration: trainee-to-instructor ratios; trainee feedback and evaluations of trainings; trends in misconduct complaints; problematic uses of force; data concerning stops, searches and arrests; analysis of officer safety issues; and changes in the law or BPD policy. **If, as a result of the needs assessment, BPD determines that an annual in-service training required by this Agreement would not efficiently advance BPD's training needs, it may alter the required duration or frequency of the training upon approval of DOJ and the Monitor.**"

8. The Parties propose the following amendment to Paragraph 336.a.1.:

"336. BPD will ensure that the complaint intake process is open and accessible for individuals who wish to file complaints about BPD officers' conduct:

a. BPD will ensure individuals may make complaints in multiple ways, including in person or anonymously, by telephone, online, and through third parties to ensure broad and easy access to its complaint system:
i. BPD will make ~~complaint forms~~ **informational material on how to file a police misconduct complaint available online and** ~~widely~~ available at public buildings ~~and locations~~ throughout Baltimore City, and will make them available to community groups to provide to their members;
ii. Complaint forms will be made available, at a minimum, in English and Spanish. BPD will comply with the law to make complaints accessible to people who speak other languages (including sign language). The fact that a complainant does not speak, read, or write English, or is deaf or hard of hearing will not be grounds to decline to accept or investigate a complaint;
iii. BPD will ensure that a free, 24-hour hotline exists for members of the public to make complaints, and will clearly display this information on

its website and other BPD printed materials;"

9. The Parties propose the following amendment to Paragraph 342:

"342. In the course of investigating a civilian complaint, ~~the misconduct investigator~~ **BPD** will send periodic written updates to the complainant, by **the complainant's preferred method of contact, or if no preferred method was provided, by mail and either email or text message** ~~mail and by email, if the complainant provides an email address~~:

a. Within **ten** ~~seven~~ days of receipt of a complaint, the misconduct investigator will send non-anonymous complainants a written notice of receipt. The receipt shall include the tracking number or barcode originally assigned to the complaint, along with any other case number subsequently assigned, if applicable, and the allegations being investigated. The notice will inform the complainant how he or she may inquire about the status of a complaint. The notice will not contain any language that could reasonably be construed as discouraging participating in the investigation, such as a warning against providing false statements or a deadline by which the complainant must contact the investigator;
b. Periodic updates will be **sent to the complainant, by the complainant's preferred method of contact if noted** ~~mailed or emailed to the complainant~~; and
c. BPD shall ensure that all investigators communicate with complainants in a professional and respectful manner; investigators who fail to do so shall be subject to discipline, demotion, and/or appropriate corrective action based on the seriousness of the conduct."

10. The Parties propose the following amendment to Paragraph 344:

"344. In each misconduct investigation, investigators shall ensure they . . .

i. Complete their administrative investigations within 90 days of the initiation of the investigation. Any request for an extension of time must be approved in writing by ~~the Director of the OPR~~ **an OPR Captain or above** . . ."

11. The Parties propose the following amendment to Paragraph 354:

"354. The reviews of misconduct investigations will be conducted as follows:

a. For investigations into allegations of misconduct that do not involve police-civilian interactions, when carried out by supervisors at Districts, the supervisor shall forward the completed investigation report through his or her chain of command to the District Commander:

8

i. Where the findings of the investigation report are not supported by the appropriate standard of proof, the supervisor's chain of command shall document the reasons for this determination;

ii. The supervisor's chain of command shall take appropriate action to address the inadequately supported determination and any investigative deficiencies that led to it;

iii. District Commanders shall be responsible for the accuracy and completeness of investigation reports into allegations of misconduct that do not involve police-civilian interactions prepared by supervisors under their command;

iv. District Commanders will forward the completed investigation report to the OPR;

b. For investigations conducted by OPR, the investigator will forward the completed investigation report through his or her chain of command ~~to the Director of OPR~~:

i. **An OPR Captain or above** ~~The Director of the OPR~~ will review the report to ensure that the report is complete, that it meets the requirements of BPD policy and this Agreement, and that the findings are supported by the appropriate standard of proof;

ii. **An OPR Captain or above** ~~The Director~~ shall order additional investigation when it appears that there is additional relevant evidence that may assist in resolving inconsistencies or improving the reliability or credibility of the findings;

iii. Whenever a superior officer orders additional investigation, it shall be documented in writing."

12. The Parties propose the following amendment to Paragraph 402:

"402. The OPR and the CRB will separately produce **either** a quarterly **public report or an annual** public report on misconduct investigations **complemented by a frequently updated online complaint dashboard**, including, at a minimum, the following: …"

## CONCLUSION

For the foregoing reasons, the United States, BPD, and the City respectfully request that Paragraphs 56, 73, 190, 213, 262, 287, 299, 336, 342, 344, 354, and 402 of the Consent Decree be amended as set forth herein. Should the Court grant this motion, the Parties will file an amended version of the Decree that incorporates these changes.

9

Respectfully Submitted,

HARMEET K. DHILLON
Assistant Attorney General

PATRICK MCCARTHY
Acting Chief
Special Litigation Section

LAURA COWALL
Deputy Chief
Special Litigation Section

/s/ Suraj Kumar
SURAJ KUMAR
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 598-1211
Fax: (202) 514-0212
Email: suraj.kumar@usdoj.gov

*Counsel for the United States of America*

EBONY THOMPSON
City Solicitor

/s/ Natalie Amato
STEPHEN SALSBURY
JUSTIN CONROY
NATALIE AMATO
Baltimore City Department of Law
100 N. Holliday Street, Suite 100
Baltimore, Maryland 21202
T 410.396.2496
F 410.396.2126

*Counsel for Baltimore Police Department
and the Mayor and City Council of
Baltimore*

## CERTIFICATE OF SERVICE

I certify that the foregoing Joint Motion to Amend the Consent Decree was served through the electronic filing service on September 30, 2025, giving notice to all registered parties.


/s/ Suraj Kumar
SURAJ KUMAR
Attorney for the United States