IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CIVIL NO.  JKB-17-0099 |
| POLICE DEPARTMENT OF THE CITY OF BALTIMORE, et al. | * | |
| | * | |
| Defendants | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER REAPPOINTING CONSENT DECREE MONITOR

Paragraph 446 of the Consent Decree provides that "[t]he Monitor shall be appointed for a period of three years . . . subject to an evaluation by the Court to determine whether to renew the Monitor's appointment under the Termination of [the Consent Decree] or for another two years, whichever happens first." (ECF No. 2-2 ¶ 446.)  The Court last reappointed the Monitor on May 16, 2024. (ECF No. 719.)  The Court reappointed the Monitor and Monitoring Team "for a period of two years or until the Termination of the Consent Decree, whichever first occurs." (*Id.*)

The Consent Decree provides that "[i]n evaluating the Monitor, the Court shall consider the Monitor's performance under [the Decree], including whether the Monitor is adequately engaging the community, completing its work in a cost-effective manner and on budget, and is working effectively with the Parties to facilitate BPD's efforts to comply with the [Decree]'s terms, including by providing Technical Assistance to BPD." (ECF No. 2-2 ¶ 446.)  The Court directed the Parties to provide their feedback regarding the performance of the Monitor.  The Court has reviewed this feedback, has met with the Monitor, and has assessed the work that has been accomplished in this case, and concludes that the Monitor and his team should be reappointed.

1

**Community Engagement**. The Court finds that the Monitoring Team continues to engage with communities via its quarterly community forums and other outreach efforts, including meetings with neighborhood associations and faith-based organizations. The Court reiterates what it said when it reappointed the Monitor in 2024: community engagement is a critical piece of the puzzle in this reform effort, and the Monitoring Team understands this and has made community engagement a priority. The Court agrees with the Parties' view that community engagement efforts should transition more to the City and BPD as the Consent Decree nears termination.

**Cost Effectiveness**. The Court finds that the Monitor and his team conduct their work in a prudent and cost-effective manner. The Court carefully reviews the Monitoring Team's monthly invoices, and—while the Court did recently approve an increase in the Monitoring Team's hourly rates—the Monitoring Team anticipates being under budget in FY2026. (*See* ECF No. 894 at 3.) The Monitoring Team is now focused on assessing compliance with the Consent Decree, and the Court fully expects and anticipates that the Monitoring Team will continue to conduct this work efficiently and thoughtfully.

**Working Effectively with the Parties**. The Court finds that the Monitor and his team continue to work effectively with the Parties. The Monitoring Team has completed several compliance assessments and several more are due in the coming months. The Court expects the Monitoring Team and the Parties to continue to work expeditiously toward the completion of these assessments.

In short, the Court is pleased with the performance of the Monitoring Team. And weekly, sometimes daily, consultation with the Monitor persuades the Court that his focus is on the efficient completion of the assessments now underway and, without cutting corners, the completion of Court oversight.

For the foregoing reasons, it is ORDERED that the Monitor and the Monitoring Team are reappointed for a period of two years or until the termination of the Consent Decree, whichever first occurs.

DATED this /2 day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge